# Exhibit A

Electronically Filed
1/21/2020 9:56 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Carly Bonzi, Deputy

**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

$435 PAID

$1000 NOT PAID

**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

Attorneys for Plaintiff, Aggrieved Employees, and Putative Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| MIESHIA MARIE JACKSON, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>FASTENAL COMPANY, a Minnesota Corporation; and DOES 1 through 20, inclusive;<br><br>Defendants. | CASE NO.: CV-20-000431<br><br>**CLASS ACTION COMPLAINT FOR**:<br><br>1. FAILURE TO PAY OVERTIME WAGES (LABOR CODE §§ 510, 1198);<br>2. FAILURE TO PROVIDE COMPLIANT REST BREAKS AND/OR PAY MISSED REST BREAK PREMIUMS (LABOR CODE § 226.7; IWC WAGE ORDER);<br>3. FAILURE TO PROVIDE COMPLIANT MEAL PERIODS AND/OR PAY MISSED MEAL PERIOD PREMIUMS (LABOR CODE §§ 226.7, 512);<br>4. FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802);<br>5. FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS (LABOR CODE §§ 226(A));<br>6. WAITING TIME PENALTIES (LABOR CODE § 201-203);<br>7. UCL VIOLATIONS; and<br>8. PAGA PENALTIES (LABOR CODE § 2699 *ET SEQ.*)<br><br>**DEMAND FOR JURY TRIAL** |

This case has been assigned to Judge Silveira, Marie Sovey
Dept. 21
Department       for all purposes including Trial.

**CLASS ACTION AND PAGA COMPLAINT**

1  Plaintiff MIESHIA MARIE JACKSON ("Plaintiff"), on behalf of herself and all others

2  similarly situated, the state of California, and the Aggrieved Employees, complains and alleges of

3  Defendants FASTENAL COMPANY and DOES 1 through 20, as follows.

4  **I.    INTRODUCTION**

5  1.    This is a Class Action, pursuant to California Code of Civil Procedure section 382,

6  against Defendants Fastenal Company and DOES 1 through 20 (referred to collectively as

7  "Defendants.

8  2.    Through this class action, Plaintiff seeks to represent the following Class Members:

9  *all hourly non-exempt individuals who are or were employed by Defendants in California from four*

10  *years prior to the filing of this Complaint through the date of trial.*

11  3.    The "Class Period" as used herein, is defined as the period from four years prior to

12  the filing of this Complaint and continuing into the present and ongoing.

13  4.    This is also a PAGA representative action brought pursuant to Labor Code § 2699, *et*

14  *seq.*, on behalf of the State of California and *all individuals who are or were employed as hourly,*

15  *non-exempt, employees by Defendants in California from December 2, 2018 and ongoing*

16  ("Aggrieved Employees") and *all Aggrieved Employees who are no longer employed by Defendants*

17  ("Waiting Time Aggrieved Employees").

18  5.    The "PAGA Period" as used herein is defined as the period from December 2, 2018

19  and continuing into the present and ongoing.

20  6.    From at least four (4) years prior to the filing of this action and continuing to the

21  present, Defendants have had a consistent policy of failing to properly pay its employees by failing

22  to properly pay overtime wages, failing to authorize or permit compliant rest periods, failing to

23  provide compliant meal periods, failing to pay missed meal and rest period premiums, failing to

24  reimburse for necessary business expense, failing to issue accurate/complete wage statements, and

25  failing to pay all wages due upon termination and/or resignation from employment.

26  7.    Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to

27  California Business and Professions Code sections 17200 through 17208, also seeks all monies

28  owed but withheld and retained by Defendants to which Plaintiff and the Class are entitled.

2

**CLASS ACTION AND PAGA COMPLAINT**

II.      **JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, section 10 of the California Constitution and California Code of Civil Procedure section 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the law of the State of California or is subject to adjudication in the courts of the State of California.

9.      This Court has personal jurisdiction over Defendants because each has caused injuries in Stanislaus County and the State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq.* Defendants also transact business throughout California and have obtained the benefits of law of the United States and the State of California and are therefore subject to the personal jurisdiction of this Court.

10.      Venue as to each Defendant is proper in this Court, pursuant to Code of Civil Procedure § 395(a).  Defendants operate within California and do business within Stanislaus.  The unlawful acts alleged herein have a direct effect on Plaintiff, the Class Members, and the Aggrieved Employees within the State of California and Stanislaus County.

11.      This case should be classified as complex according to California Rules of Court, Rule 3.400 and assigned to a complex litigation judge and department, as it is a class action, will involve substantial documentary evidence, a large number of witnesses, and is likely to involve extensive motion practice raising difficult or novel issues that will be time-consuming to resolve and would require substantial post judgment judicial supervision.

III.      **PARTIES**

12.      Plaintiff is a resident of Stanislaus County, California. Plaintiff was employed by Defendants during the Class Period.

13.      Plaintiff seeks to represent the Class, as defined above.

14.      Plaintiff is informed and believes and thereon alleges that Defendant Fastenal Company is a Minnesota corporation authorized to and doing business in Stanislaus County,

3

California, and is and/or was the legal employer of Plaintiff, the Class Members, and the Aggrieved Employees during the applicable statutory periods.

15.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 20, inclusive, but on information and belief allege that those Defendants are legally responsible for the payment of wages and penalties and damages to Plaintiff and all Class Members by virtue of Defendants' unlawful actions and practices and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

16.     Plaintiff also alleges that he and the Class Members worked under the joint direction and control of Defendants and that Defendants, and each of them, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff and other similarly situated employees.

17.     Furthermore, on information and belief, Defendants are an integrated enterprise and should be treated as a single employer because Defendants share an interrelation of operations, with common human resources and personnel policies and shared common offices and facilities.  Upon information and belief, Defendants share common management, a centralized control of labor operations, and common ownership or financial control.

18.     Also, Plaintiff is informed and believes and thereon alleges that the Defendants sued herein as DOES 1-20 are now and at all material times herein mentioned were the owner/owners of certain Defendants and the actual employer of Plaintiff, the Class Members, and the Aggrieved Employees or, in the alternative, were individuals employed by Defendants as a managerial and/or supervisory employee and/or agent.  In addition, Plaintiff alleges that at all relevant times herein the Defendants sued herein as DOES 1-20 had the authority, in the interest of certain Defendants, to exercise independent judgment to hire, transfer, promote, discharge, assign, discipline, or take other

similar actions against Plaintiff, and were in Plaintiff's chain of command at the time of and direct participants in the wrongful conduct which constitutes the basis of Plaintiff's complaint herein. Plaintiff also alleges that the Defendants sued herein as DOES 1-20 and certain Defendants are the agents, servants, employees, partners, affiliates, and/or representatives of each other, and were, at all times herein mentioned, acting within the course, scope, and purpose of such relationship(s) and with the knowledge, consent and/or ratification of each other. Furthermore, in conducting themselves in the manner described herein, the Defendants sued herein as DOES 1-20 and certain Defendants were acting in active concert with on another such that the acts of each were fully attributable to the other in all material respects. Plaintiff also alleges that certain Defendants were merely the alter ego of the Defendants sued herein as DOES 1-20 in that there existed a unity of interest and ownership such that any separateness between them ceased to exist and the Defendants sued herein as DOES 1-20 exercised undue dominance, control, influence, and management over certain Defendants. Plaintiff further alleges that, at all relevant times, certain Defendants have been inadequately capitalized to conduct business, have failed to follow appropriate corporate formalities, and have simply been a shell and instrumentality through which the Defendants sued herein as DOES 1-20 have conducted their personal affairs. Accordingly, the corporate veil should be pierced, and any liability attached to certain Defendants should be imposed jointly and severally against the Defendants sued herein as DOES 1-20. Adherence to the fiction of the separate existence of these corporate entities would permit abuse of the corporate privilege, thereby sanctioning fraud and promoting injustice.

## IV.   <u>SUMMARY OF FACTS</u>

19.     Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees were not paid overtime at the proper rate for all of their overtime hours worked.

20.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a

**CLASS ACTION AND PAGA COMPLAINT**

1  day or more than eight (8) hours on the seventh consecutive day of work. In accordance with Labor

2  Code § 1194, Plaintiff, the Class Members, and the Aggrieved Employees could not then agree and

3  cannot now agree to work for a lesser wage than the amount proscribed by Labor Code §§ 510 and

4  1194.  Further, IWC Wage Order Nos. 7 and/or 9, provides that "employees shall not be employed

5  more than eight (8) hours in any workday or more than 40 in a workweek unless the employee

6  receives one and one half (1 1/2) times such employee's regular rate of pay for all hours worked

7  over 40 hours in the workweek."

8      21.    Defendants have maintained a consistent policy of failing to pay overtime wages at

9  the proper amounts to Plaintiff, the Class Members, and the Aggrieved Employees.  For example,

10  Plaintiff, the Class Members, and the Aggrieved Employees are and were paid an hourly wage but

11  are also paid other forms of compensation or remuneration.  However, when calculating the regular

12  rate for purposes of overtime, Defendants do not include all forms of non-discretionary bonuses and

13  other forms of remuneration.  Accordingly, Plaintiff, the Class Members, and the Aggrieved

14  Employees only received overtime compensation based on the base hourly wage, and not based on

15  the regular rate. As a result, by their common policy of requiring Plaintiff, the Class Members, and

16  the Aggrieved Employees to work in excess of eight (8) hours in a workday and/or forty (40) hours

17  in a workweek without compensating them at the rate of one-half (1 1/2) their regular rate of pay,

18  Defendants willfully violated the provisions of Labor Code §§ 510, 1194 and 1199.

19      22.    Labor Code § 512 requires employers to provide employees with thirty (30) minute

20  uninterrupted and duty-free meal period within the first five hours of work.  "An on-duty meal

21  period is permitted only when the nature of the work prevents an employee from being relieved of

22  all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut*

23  *Corp.* (2016) 5 Cal. App. 5th 926, 932.)  The written agreement must include a provision allowing

24  the employee to revoke it at any time. *Id.*

25      23.    Generally, the DLSE and courts have "found that the nature of the work exception

26  applies: '(1) where the work has some particular external force that requires the employee to be on

27  duty at all times, and (2) where the employee is the sole employee of a particular employer." (*Id.* at

28  p. 945; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.) "[I]t is

the employer's obligation to determine whether the nature of the work prevents an employee from being relieved *before* requiring an employee to take an on-duty meal period." (*Lubin, supra*, 5 Cal. App. 5th at p. 946.) Nor may an employer "discharge its duty by arguing that its clients who requested on-duty meal periods determined that the nature of the work prevented officers from being relieved of all duty." (*Id.* at p. 947; *Benton, supra*, 220 Cal. App. 4th at p. 729.) As with rest periods, under Labor Code § 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the applicable Wage Order), "it has violated the wage order and is liable." The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—***it has violated the wage order and is liable.*** *Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1033. (Emphasis added.)

24.     Due to the demands of the job, Defendants violated Labor Code § 512 by requiring Plaintiff, the Class Members, and the Aggrieved Employees to work through or shorten their meal periods without receiving proper compensation and without entering into a lawful on-duty meal period agreement. Frequently, Plaintiff, the Class Members, and the Aggrieved Employees took meal periods that were less than 30 minutes because Defendants frequently left its facilities understaffed.

25.     Defendants also failed to pay Plaintiff, the Class Members, and the Aggrieved Employees meal period premiums for each workday that the employees did not receive all compliant meal periods.

26.     Labor Code § 226.7(b) states that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ..."

27.     Section 12 of IWC Wage Order Nos. 7 and/or 9 states in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable

1  shall be in the middle of each work period.  The authorized rest period time shall be based on the

2  total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

3  fraction thereof."

4      28.     Here, Defendants failed to provide Plaintiff, the Class Members, and the Aggrieved

5  Employees with duty-free rest periods of not less than ten (10) minutes for every major fraction of

6  four (4) hours worked as required by Labor Code § 226.7 and the applicable IWC Wage Order, and

7  *Augustus*, 2 Cal. 5th at 269. Specifically, in its written policies disseminated to all of its employees,

8  Defendants issued "Fastenal Standards of Conduct" which stated that, **"When an employee is on a**

9  **paid break, he or she will not be allowed to leave the premises or go to his/her vehicle without**

10 **the supervisor's knowledge or permission. Breaks should be taken in designated areas . . ."**

11     29.     The California Supreme Court explained in the context of rest breaks that employer

12 liability attaches from adopting an unlawful policy: "An employer is required to authorize and

13 permit the amount of rest break time called for under the wage order for its industry. If it does not—

14 if, for example, it adopts a uniform policy authorizing and permitting only one rest break for

15 employees working a seven-hour shift when two are required—*it has violated the wage order and*

16 *is liable.*" *Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1033 [emphasis added].

17     30.     Following *Brinker*, the Courts of Appeal have confirmed that liability for on-duty

18 breaks arises when an employer adopts a uniform policy that fails to provide off-duty breaks. For

19 example, in *Faulkinbury vs. Boyd & Associates, Inc.,* the California Court of Appeal

20 applied *Brinker*: "In *Faulkinbury I*, we concluded that even if [defendant]'s on-duty meal break

21 policy was unlawful, [defendant] would be liable only when it actually failed to provide a required

22 off-duty meal break. *Brinker* leads us now to conclude [defendant] would be liable upon a

23 determination that [defendant]'s uniform on-duty meal break policy was unlawful." (*Faulkinbury v.*

24 *Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220). The Court further explained: "the employer's

25 liability arises by adopting a uniform policy that violates the wage and hour laws. Whether or not

26 the employee was able to take the required break goes to damages…" (*Ibid.* [citations omitted]; *see*

27 *also Benton v. Telecom Network Specialists, Inc.* (2013) 220 Cal. App. 4th 701, 728.).

28     31.     Because Defendants, through its policies of requiring Plaintiff, the Class Members,

8

**CLASS ACTION AND PAGA COMPLAINT**

and the Aggrieved Employees to stay on-site during rest periods, did not offer the Plaintiff, the Class Members, and the Aggrieved Employees the opportunity to receive a compliant off-duty rest period, "the court may not conclude employees voluntarily chose to skip…breaks." *Alberts v. Aurora Behavioral Health Care*, 241 Cal. App. 4th 388, 410 (2015) ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); accord *Brinker* 53 Cal. 4th at 1033 ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

32.     In addition to failing to authorize and permit compliant rest periods, Plaintiff, the Class Members, and the Aggrieved Employees were not compensated with one (1) hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code § 226.7(b).

33.     Pursuant to Labor Code § 2802, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…" and pursuant to Labor Code 2802(c) "[f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

34.     Plaintiff, the Class Members, and the Aggrieved Employees, at the direction of Defendants and/or with Defendants' knowledge and acquiescence, have used their personal cell phones to communicate with their customers and clients to perform necessary work-related duties for Defendants. Defendants require that Plaintiff, the Class Members, and the Aggrieved Employees respond to phone calls, voicemails, text messages and emails, and expect these employees to initiate calls and texts to meet business needs.  Further, Defendants require that Plaintiff, the Class Members and the Aggrieved Employees download various "apps" to their personal cell phone for work purposes. Defendants required Plaintiff, the Class Members, and the Aggrieved Employees to shoulder the cost associated with business use of their personal cell phones and personal devices and failed to provide any reimbursement.

**CLASS ACTION AND PAGA COMPLAINT**

35.     Labor Code § 226(a) requires an employer to provide its employees with itemized wage statements accurately stating (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

36.     Here, based on Defendants' failure to pay Plaintiff, the Class Members, and the Aggrieved Employees for all overtime wages at the proper rates, and pay meal and rest period premiums for noncompliant meal and rest periods, Defendants issued wage statements which failed to accurately identify the gross wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect during the pay period and the correct corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code Section 226(a) (1, 2, 5, and 9).

37.     In addition to violating Labor Code § 226(a), Defendants also knowingly and intentionally failed to provide Plaintiff, the Class Members, and the Aggrieved Employees with accurate itemized wage statements in violation of Labor Code § 226(e). Defendants undeniably knew that it was not providing Plaintiff, the Class Members, and the Aggrieved Employees with wage statements required by California law. *See Garnett v. ADT LLC* 139 F. Supp. 3d 1121, 1131 (E.D. Cal. Oct. 6, 2015) (finding that the defendant knowingly and intentionally violated Labor Code § 226 because the "[d]efendant knew that it was not providing total hours worked to plaintiff or other employees paid on commission" even though it believed that employees paid solely on commission or commission and salary "are exempt and therefore we do not record hours on a wage statement.").

/ / /

38.     Labor Code § 201(a) provides in pertinent part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code § 202(a) states in pertinent part "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours' previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Labor Code § 203(a) states "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

39.     Here, Defendants failed to pay Plaintiff, the Class Members, and the Aggrieved Employees all wages that were due and owing (including all overtime wages owed at the proper rates, all meal and rest period premiums owed, etc.) within the required time following the end of their employment in accordance with Labor Code §§ 201-202.  As a result, all such Class Members are entitled to 30 days of wages as a "waiting time penalty."

## V.     CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent the following Class and Subclasses:

> **The Class**: *all hourly non-exempt individuals who are or were employed by Defendants in California from four years prior to the filing of this Complaint through the date of trial* ("Class Members")

> **The Waiting Time Penalty Subclass:** *all Class Members whose employment with Defendants ended from three years prior to the filing of this complaint through the date of trial.* ("Waiting Time Penalty Subclass")

41.     Plaintiff reserves the right to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

42.     Plaintiff, as Class Representative, is a member of the Class and Subclasses that she seeks to represent.

43.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable from Defendants' personnel and payroll records.

44.     **Numerosity:** The potential members of the Class as defined are so numerous that a joinder of all Class Members is impracticable. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' payroll and personnel records.

45.     **Commonality:**   There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the Class, including without limitation:

i.      Whether Defendants violated the California Labor Code and IWC Wage Order Nos. 7 and/or 9 by failing to pay overtime wages at the proper rates to Plaintiff and the Class for all overtime hours worked;

ii.     Whether Defendants violated the California Labor Code and IWC Wage Order Nos. 7 and/or 9 by failing to provide compliant meal periods to Plaintiff and the Class and whether Defendants failed to compensate Plaintiff and the Class with one additional hour of premium pay for each instance when a compliant meal period was not provided;

iii.    Whether Defendants violated the California Labor Code and IWC Wage Order Nos. 7 and/or 9 by failing to provide compliant rest periods to Plaintiff and the Class and whether Defendants failed to compensate Plaintiff and the Class with one additional hour of premium pay for each instance when a compliant rest break was not provided;

iv.     Whether Defendants violated the California Labor Code by failing to reimburse Plaintiff, the Class Members, and the Aggrieved Employees for the cost of using their personal cell phones for work-related purposes;

v.      Whether Defendants violated the California Labor Code by failing to pay all wages due upon separation of employment between Defendants and Plaintiff and the Waiting Time

**CLASS ACTION AND PAGA COMPLAINT**

1   Penalties Subclass, whether such separation was voluntary or involuntary;

2            vi.      Whether Defendants violated the California Labor Code by failing to provide

3   Plaintiff and the Class with complete, accurate, itemized wage statements;

4            vii.     Whether Defendants violated California Business & Professions Code §§

5   17200 *et seq.* due to the: failure to pay minimum wages; failure to pay overtime wages; failure to

6   provide mandated meal periods; failure to authorize or permit mandated paid rest periods; failure to

7   reimburse for necessary business expenses; and failure to timely pay final wages;

8            viii.    Whether Defendants violated § 17200 *et seq.* of the California Business and

9   Professions Code and, without limitation, California Labor Code §§ 201, 202, 203, 226, 226.7, 510,

10  512, 1194, 1194.2, 1197, and 2802, among possibly other sections inadvertently omitted, and the

11  IWC Wage Order Nos. 7 and/or 9, which violations constitute false, fraudulent, unlawful, unfair

12  and deceptive business practices; and

13           ix.      Whether Plaintiff, the Class Members, and the Aggrieved Employees are

14  entitled to equitable relief pursuant to California Business & Professions Code §§ 17200, *et seq.*

15  46.      **Typicality:** Plaintiff's claims, as the Class Representative, are typical of the claims

16  of the Class and the Subclasses. Plaintiff, like other members of the Class, was subjected to

17  Defendants' ongoing Labor Code and Wage Order violations including pertaining to the failure to

18  pay minimum wages, failure to pay overtime wages, failure to provide compliant meal periods,

19  failure to provide compliant rest periods, failure to reimburse for necessary business expenses,

20  failure to timely pay final wages, and failure to provide accurate itemized wage statements.

21  47.      **Adequacy of Representation.** Plaintiff, as the Class Representative, will fairly and

22  adequately represent and protect the interests of the Class. Plaintiff's interests are not in conflict

23  with those of the Class. Plaintiff's counsel are competent and experienced in litigating large

24  employment class actions and other complex litigation matters, including cases like this case.

25  48.      **Superiority of Class Action.** Class certification is appropriate because a class action

26  is superior to other available means for the fair and efficient adjudication of this controversy.

27  Individual joinder of all Class Members is not practicable, and questions of law and fact common to

28  the Class predominate over any questions affecting only individual members of the Class.  Each

Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
[Labor Code §§ 510 1194, 1194.2, 1197; IWC Wage Order Nos. 7 and/or 9]
*Plaintiff and Class Members Against All Defendants*

49.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

50.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work.

51.     Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

52.     Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

53.     Defendants have maintained a consistent policy of failing to pay overtime wages at the proper amounts to Plaintiff and the Class Members.  For example, Plaintiff and the Class Members are and were paid an hourly wage but are also paid other forms of compensation or remuneration.  However, when calculating the regular rate for purposes of overtime, Defendants do not include all forms of non-discretionary bonuses and other forms of remuneration.  Accordingly,

1 Plaintiff and the Class Members only received overtime compensation based on the base hourly
2 wage, and not based on the regular rate.

3       54.     Plaintiff and the Class Members suffered and continue to suffer losses related to the
4 use and enjoyment of compensation due and owing to them as a direct result of Defendants'
5 unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and
6 within the jurisdictional limitations of this Court.

7       55.     Plaintiff seeks all available remedies for Defendants' violations including, but not
8 limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted
9 by law.

10                                **SECOND CAUSE OF ACTION**
                            **FAILURE TO PROVIDE REST PERIODS**
11                   [Labor Code § 226.7 and 512; IWC Wage Order Nos. 7 and/or 9]
                         *Plaintiff and Class Members Against All Defendants*
12

13      56.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth
14 in the preceding paragraphs.

15      57.     Plaintiff and Class Members are and/or were "non-exempt" employees of
16 Defendants who did not receive proper protections and benefits of the laws governing mandatory
17 rest periods.

18      58.     Labor Code § 226.7 requires employers, including Defendants, to provide rest breaks
19 to its non-exempt employees as mandated by Order of the Industrial Welfare Commission.

20      59.     IWC Wage Order Nos. 7 and/or 9 state, in part, that every employer shall authorize
21 and permit all employees to take rest periods, which insofar as practicable shall be in the middle of
22 each work period. Employees shall receive a 10-minute rest period every four hours or major
23 fraction thereof that they are required to work.  Authorized rest period time shall be counted, as
24 hours worked, for which there shall be no deduction from wages.

25      60.     Pursuant to Labor Code § 226.7(b) and the IWC Wage Order, Defendants shall pay
26 Plaintiff and the Class Members one additional hour of pay at their regular rate of compensation for
27 each day that the rest period is not provided.

28      61.     At all relevant times, Plaintiff and the Class Members were not provided with 10

**CLASS ACTION AND PAGA COMPLAINT**

minutes of net rest break time for every 4 hours worked, or major fraction thereof, as mandated by California law. Plaintiff and the Class Members were and are not relieved of all duties during their rest periods, as they are required to remain on premises during all rest periods in violation of Labor Code § 226.7, IWC Wage Order Nos. 7 and/or 9, and *Augustus*, 2 Cal. 5th at 269.

62. Defendants violated Labor Code §§ 226.7 and IWC Wage Order Nos. 7 and/or 9 every pay period with respect to Plaintiff and the Class Members because Plaintiff and the Class Members were not provided with all mandatory rest periods and Defendants failed to pay Plaintiff and the Class Members one additional hour of compensation in lieu thereof.

63. By their failure to provide Plaintiff and the Class Members with rest periods as required by California law, and failing to pay one hour of additional wages in lieu of each rest break not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order Nos. 7 and/or 9. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period and/or paid rest break was not lawfully provided in an amount to be proven at time of trial.

64. Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and IWC Wage Order Nos. 7 and/or 9, Defendants, and each of them, are liable to Plaintiff and the Class Members for unpaid wage premiums, penalties, costs, and interest.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
[Labor Code § 226.7 and 512; IWC Wage Order Nos. 7 and/or 9]
*Plaintiff and the Class Members Against All Defendants*

65. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66. Plaintiff and the Class Members are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory meal periods.

67. Labor Code § 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee the opportunity to take an uninterrupted meal period of not less than 30 minutes, except

that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.  Employers may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

68.     Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order Nos. 7 and/or 9, Defendants shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each meal period that is missed.

69.     At all relevant times herein, Plaintiff and members of the Class Members were denied the 30-minute off-duty meal periods to which they were entitled.

70.     Defendants failed to advise Plaintiff and the Class Members of their right to receive thirty (30) minute uninterrupted meal periods within the first five hours of her and their shifts or their right to receive a second meal period on days where they worked more than ten (10) hours a day.

71.     Due to the demands of the job, Defendants violated Labor Code § 512 by requiring Plaintiff and the Class Members to work through or shorten their meal periods without receiving proper compensation and without entering into a lawful on-duty meal period agreement. Frequently, Plaintiff and the Class Members took meal periods that were less than 30 minutes because Defendants frequently left its facilities understaffed.

72.     Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the Class Members because Plaintiff and the Class Members were not provided with all mandatory meal periods and Defendants failed to pay Plaintiff and the Class Members one additional hour of compensation in lieu thereof.

73.     On information and belief, Plaintiff and the Class Members did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiff and the Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of unlawful adhesion. Defendants did not permit or authorize Plaintiff and the Class Members to take meal periods in accordance with California law.

74.     By their failure to provide Plaintiff and the Class Members with meal periods as required by California law, and failing to pay one hour of additional wages in lieu of each meal period not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order Nos. 7 and/or 9. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period was not lawfully provided in an amount to be proven at time of trial.

75.     Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512, and IWC Wage Order Nos. 7 and/or 9, Defendants, and each of them, are liable to Plaintiff and the Class Members for unpaid wage premiums, penalties, costs, and interest.

### FOURTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
[Cal. Labor Code § 2802]
*Plaintiff and the Class Members Against All Defendants*

76.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

77.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."  "Necessary" business expenses is defined to include all "reasonable expenses." See, Labor Code § 2802 (c).

78.     Further, Defendants required and continue to require Plaintiff and the Class Members to use their personal cell phones for work purposes. Defendants require that Plaintiff and the Class Members respond to phone calls, voicemails, text messages and emails, and expect these employees to initiate calls and texts to meet business needs.  Further, Defendants required and continue to require Plaintiff and the Class Members to download various "apps" to their personal cell phones for work purposes.  Although Defendants required Plaintiff and Class Members to use their personal cell phones for work-related purposes, Defendants failed to reimburse Plaintiff and the Class Members for the costs incurred for this necessary business expense.

79.     Plaintiff and Class Members are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

80.     As a result of Defendants' violations of Labor Code § 2802, Defendants are also liable for attorneys' fees and costs under Labor Code § 2802(c).

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
[Cal. Labor Code § 226]
*Plaintiff and the Class Against All Defendants*

81.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

82.     The actionable period for this cause of action is one year prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the class is certified.

83.     Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall...furnish each of his or her employees...an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all – deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and...(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...

84.     As set forth above, during the Class Period, Defendants issued continues to issue wage statements to its employees including Plaintiff and the Class which are inadequate under Labor Code Section 226(a). Here, by filing to pay Plaintiff and the Class Members for all of their overtime hours worked at the proper rates, and for their missed meal and rest period premiums, Defendants failed to include required information on Plaintiff's and the Class' wage statements, including the gross wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate in violation of Labor Code section 226a(1, 2, 5 and 9).

85.     Defendants' failure to comply with section 226(a) of the Labor Code was knowing and intentional.

86.     As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and the Class Members in violation of section 226(a) of the California Labor Code, Plaintiff and the Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Class from Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY FINAL WAGES AND WAITING TIME PENALTIES
[Cal. Labor Code § 201 – 203]
*Plaintiff and the Waiting Time Penalties Subclass Against All Defendants*

87.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

88.     The actionable period for this cause of action is three years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the class is certified.

89.     Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to Plaintiff and the Waiting Timeline Penalty Subclass during the actionable period for this cause of action at or around the time that their employment is or was terminated or ended.

90.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

91.     Defendants willfully failed to pay Plaintiff and the Waiting Timeline Penalty Subclass for their meal period premiums, rest period premiums, and unpaid overtime wages at the proper rates, prior to or upon termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.

92.     As a result, Defendants are liable to Plaintiff and the Waiting Timeline Penalty Subclass for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Timeline Penalty Subclass pursuant to California Labor Code § 203. *See,* e.g. DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

**SEVENTH CAUSE OF ACTION**
**UNFAIR AND UNLAWFUL COMPETITION**
[Cal. Business and Professions Code § 17200 *et seq.*]
*Plaintiff and the Class Members Against All Defendants*

93.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

94.     California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice." The Class Members, including Plaintiff, have suffered and continue to suffer injuries in fact, due to the unfair and unlawful business practices of Defendants as alleged herein.

95.     Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

96.     As alleged herein, Defendants engaged in conduct that violated California's wage and hour laws, including failure to pay overtime wages, failure to provide mandated meal periods and rest periods, failure to reimburse for necessary business expenses, and failure to timely pay final wages, all in order to decrease their costs and increase their profits.

97.     At all times relevant herein, Defendants did not pay Plaintiff, and the Class Members, and monies and other financial obligations to which they were entitled.

98.     As a result of Defendants' failure to comply with the Labor Code and IWC Orders, Class Members, including Plaintiff, suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Bus. & Prof. Code § 17200, *et seq.*

99.     Defendants' violations of the California Labor Code and IWC Wage Orders and its scheme to lower its payroll costs as alleged herein, constitute unlawful and unfair business practices

1  because it was done in a systematic manner over a period of time to the detriment of the Plaintiff

2  and all others similarly-situated.

3     100.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

4  unlawful, and harmful to Plaintiff, Class Members, and to the general public.  Plaintiff seeks to

5  enforce important rights affecting the public interest within the meaning of Code of Civil Procedure

6  § 1021.5.

7     101.   A violation of California Business & Professions Code § 17200, *et seq*. may be

8  predicated on the violation of any state or federal law. All of the acts described herein as violations

9  of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in

10  violation of public policy, and in addition are immoral, unethical, oppressive, fraudulent and

11  unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in

12  violation of California Business and Professions Code §§ 17200, *et seq*.

13     102.   Plaintiff, individually, and on behalf of the Class Members, has no plain, speedy,

14  and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of

15  Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair,

16  unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf

17  of the Class Members, has suffered and will continue to suffer irreparable harm unless Defendants,

18  and each of them, are restrained from continuing to engage in said unfair, unlawful and/or

19  fraudulent business practices.

20     103.   Plaintiff, individually, and on behalf of the Class Members, is entitled to, and does

21  seek such relief as may be necessary to disgorge the profits which Defendants have acquired, or of

22  which Plaintiff and the Class Members have been deprived, by means of the above-described

23  unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Class Members are not

24  obligated to establish individual knowledge of the unfair practices of Defendants in order to recover

25  restitution.

26     104.   Plaintiff, individually, and on behalf of the Class Members, is further entitled to and

27  does seek a declaration that the above described business practices are unfair, unlawful and/or

28  fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of

**CLASS ACTION AND PAGA COMPLAINT**

1  the above-described unfair, unlawful and/or fraudulent business practices in the future.

2      105.    Pursuant to Business & Professions Code §§ 17200, et seq., Plaintiff and Class

3  Members are entitled to restitution of the wages withheld and retained by Defendants during a

4  period that commences four years prior to the filing of this complaint; a permanent injunction

5  requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of

6  attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws;

7  and an award of costs.

8  

**EIGHTH CAUSE OF ACTION**
**PLAINTIFF AND ALL AGGRIEVED EMPLOYEES FOR PENALTIES**

9  **PURSUANT TO LABOR CODE § 2699, *ET SEQ*. FOR VIOLATIONS OF LABOR CODE**

10  **§§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1194, 1194.2, 1197, 2802; WAGE ORDER NOS. 7 AND/OR 9**

11  *On Behalf of Plaintiff, the State of California, and the Aggrieved Employees Against All Defendants*

12      106.    Plaintiff, on behalf of himself and all Aggrieved Employees, re-alleges and

13  incorporates by reference all previous paragraphs.

14      107.    Based on the above allegations incorporated by reference, Defendants have violated

15  Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1194, 1194.2, 1197, as well as

16  IWC Wage Order Nos. 7 and/or 9.

17      108.    As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code

18  § 2699, *et seq*.

19      109.    Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and

20  all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial

21  subject to the following formula:

22      $100 for the initial violation per employee per pay period; and

23      $200 for each subsequent violation per employee per pay period.

24      These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce

25  Development Agency (LWDA) and twenty-five percent (25%) to the affected employees. These

26  penalties may be stacked separately for each of Defendants violations of the California Labor Code.

27  *See e.g. Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx) 2012 U.S.Dist. LEXIS

28  86975, at *59, fn. 77 (C.D.Cal. June 22, 2012) (holding that although the plaintiff did not seek

23

**CLASS ACTION AND PAGA COMPLAINT**

stacked PAGA penalties, that "PAGA penalties can be 'stacked,' *i.e.,* multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."); *See Lopez v. Friant & Assocs., LLC,* No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26, 2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and acknowledging that a Plaintiff could recover separately under PAGA for violations of Labor Code §§ 226(a) and 226(e)).

110.    In addition, to the extent permitted by law, Defendants failed to provide Plaintiff and all aggrieved employees with accurate itemized wage statements in compliance with Labor Code § 226(a). Plaintiff seeks separate PAGA penalties for Defendants' violations of Labor Code §§ 226(a) and 226(e). *Lopez v. Friant & Assocs., LLC,* 15 Cal.App.5th 773, 788 (2017); *Bell v. Home Depot U.S.A.* (E.D. Cal. Dec. 11, 2017) 2017 U.S. Dist. LEXIS 204493, at *5 [finding after Friant that "[t]o the extent the Court's Order [granting summary judgment to Home Depot] was ambiguous, the Court now clarifies that it granted summary judgment on Plaintiffs' derivative claim for [PAGA] penalties under section 226(e)...the Court's Order should not be read to grant summary judgment on Plaintiffs' claim for PAGA penalties based on violation of section 226(a)."]).

111.    For violations of Labor Code § 226(a), Plaintiff seeks the default penalty provided by Labor Code § 226.3. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by law Plaintiff and the Aggrieved Employees are entitled to recover penalties for violations of Labor Code § 226.3 and seeks default PAGA penalties for each of Defendants' numerous violations of Labor Code § 226(e).

112.    Further, Plaintiff, as an Aggrieved Employee, need not demonstrate or prove that Defendants conduct in refusing to an provide accurate and itemized wage statements was knowing, intentional, or willful. *Lopez v. Friant & Assocs., LLC* (2017) 15 Cal. App. 5th 773,

788,("Consistent with the PAGA statutory framework and the plain language and legislative history of section 226(e), we hold a plaintiff seeking civil penalties under PAGA for a violation of section 226(a) does not have to satisfy the "injury" and "knowing and intentional" requirements of Section 226(e)(1)."); *see Willner v. Manpower Inc.* 35 F. Supp. 3d 1116, 1136 (N.D. Cal. 2014) (To obtain judgment on a PAGA claim, "all [plaintiff] needs to establish is a violation of section 226(a), which she has done, as discussed above."); *McKenzie v. Fed. Exp. Corp.* 765 F.Supp.2d 1222, 1232 (C.D. Cal. 2011) (holding that "for the purposes of recovering PAGA penalties, one need only prove a violation of Section 226(a), and need not establish a Section 226(e) injury."); *Aguirre v. Genesis Logistics*, 2013 U.S. Dist. LEXIS 189815, at *28 (C.D. Cal. July 3, 2013) ("Plaintiff do not need to establish a Cal. Lab. Code § 226(e) injury to recover penalties under § 2699(f) of PAGA.").

113.    Labor Code § 210 provides that "in addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices described in detail above, Plaintiff and the other Aggrieved Employees are entitled to recover penalties under Labor Code § 210 through PAGA.

114.    Plaintiff has fully and completely exhausted and/or will have fully and completed and exhausted her administrative remedies under PAGA prior to proceeding with the PAGA claim. On December 2, 2019, Plaintiff filed her PAGA Notice online with the Labor Workforce Development Agency ("LWDA") and sent a letter by certified mail to Defendants setting forth the facts and theories of the violations alleged against Defendant, as prescribed by Labor Code § 2698 *et seq.* As required by PAGA, Plaintiff submitted the $75.00 filing fee with the LWDA by regular mail.  Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was and/or will have been received by Plaintiff from the LWDA evidencing its intention to investigate within sixty-five (65) calendar days of the postmark date of the PAGA notice. Plaintiff is therefore entitled to commence and proceed with a civil action pursuant to Labor Code § 2699.

## VI.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

1.   For an order certifying this action as a class action;

2.   For compensatory damages in the amount of the regular rate of compensation made by Plaintiff and the Class for each day of noncompliant rest periods for which premium pay was not properly paid, as may be proven;

3.   For compensatory damages in the amount of the regular rate of compensation made by Plaintiff and the Class for each day of noncompliant meal periods for which premium pay was not properly paid, as may be proven;

4.   For compensatory damages in the amount of the unpaid overtime compensation for work performed by Plaintiff and the Class, as may be proven;

5.   For actual damages and/or penalties pursuant to Labor Code § 226(e) for Plaintiff and the Class, as may be proven;

6.   For reimbursement of all incurred expenses by the Class on behalf of Defendant

7.   For penalties pursuant to Labor Code § 203 for Plaintiff and the Waiting Time Class Members in an amount equal to their daily wage multiplied by thirty (30) days, as may be proven;

8.   For restitution for unfair competition pursuant to Business & Professions Code §§ 17200 *et seq.*, including disgorgement of profits, as may be proven;

9.   For an order enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this complaint;

10.   For an award of pre-judgment and post-judgment interest;

11.   For an award providing for the payment of the costs of this suit;

12.   For an award of attorneys' fees, to the extent provided by law; and

13.   For such other and further relief as the Court may deem proper and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

**CLASS ACTION AND PAGA COMPLAINT**

1    Dated: January 20, 2019                    **ACKERMANN & TILAJEF, P.C.**
                                                **MELMED LAW GROUP, P.C.**
2

3

4                                        By: *Jonathan Melmed*
5                                           Jonathan Melmed, Esq.
                                            Craig Ackermann, Esq.
6                                           *Attorneys for Plaintiff, the Putative Class, and the*
                                            *Aggrieved Employees*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION AND PAGA COMPLAINT**

**OFFICIAL RECEIPT**
Civil - City Towers

Stanislaus County Superior Court
Civil Division
801 10th Street
Modesto, CA 95354

Receipt No.   **CV-2020-00001238**
Transaction Date   01/22/2020
Payor
SACRAMENTO LEGAL SUPPORT I
2300 TULARE STREET, SUITE
130
FRESNO, CA 93721

| Description | Amount Paid |
|---|---|
| JACKSON, MIESHIA MARIE | |
| CV-20-000431 JACKSON, MIESHIA MARIE vs FASTENAL COMPANY | |
| Complex Fees - Plaintiff | 1,000.00 |
| **SUBTOTAL** | **1,000.00** |
| Remaining Balance Due: | 0.00 |
| **PAYMENT TOTAL** | **1,000.00** |
| Check Payment (Ref #182628) Tendered | 1,000.00 |
| Total Tendered | **1,000.00** |
| Change | 0.00 |

01/22/2020
10:22 AM            Cashier
             Station 24758            Audit
                                      3259788
**OFFICIAL RECEIPT**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FASTENAL COMPANY, a Minnesota Corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MIESHIA MARIE JACKSON, on behalf of herself and all others similarly situated,

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
1/21/2020 9:56 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Carly Bonzi, Deputy

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es:)*
801 10th Street, 4th Street
Modesto, CA 95354

</td><td>Stanislaus County Superior Court
City Towers Courthouse</td><td>

CASE NUMBER: *(Número del Caso):*
CV-20-000431

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan Melmed, 1180 S. Beverly Drive, Suite 610, Los Angeles, CA 90035; (310) 824-3828; (310) 862-6851

DATE: ~~January 20, 2020~~
*(Fecha)* 1/21/2020 9:56 AM

Clerk, by *(Secretario)* Carly Bonzi , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]   [ Clear this form ]

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| **COURT GENERATED**<br><br>Attorney for:<br><br>**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**<br>Street Address:   City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA 95354 | **FILED**<br>JAN 2 1 2020<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br>_Carly Bonzi_ DEPUTY |
| Plaintiff/Petitioner: MIESHIA MARIE JACKSON<br>Defendant/Respondent: FASTENAL COMPANY | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER<br>CV-20-000431 |

1.   NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Date: 6-1-2020   Time: 3:00   AM/**PM**

This case is assigned to Judge MARIE SOVEY SILVEIRA Dept. 21, for all purposes, including trial.

*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354

*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354

**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

....................................................................................................................................
......

**You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you. You must also serve a copy of your written response on the plaintiff.**

2.   You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15)** calendar days before the case management conference.

3.   You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.   At the case management conference the Court may make pretrial orders, including the following:

a.   An order establishing a discovery schedule.

b.   An order referring the case to arbitration.

c.   An order dismissing fictitious defendants.

d.   An order scheduling exchange of expert witness information.

e.   An order setting subsequent conferences and the trial date.

f.   Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:   JAN 2 1 2020   by _Carly Bonzi_   Deputy Clerk

Mandatory Form   CARLY BONZI

CV003

| --SANCTIONS-- |
|---|
| If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). |

11/10

## Rule 3.110 of the California Rules of Court.

## Time for Service of Complaint, Cross-Complaint, and Response

(a) [Application]  This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint]  The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.  When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint]  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed.  If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings]  The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time]  The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d).  An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed.  The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve]  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default]  If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed.  The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment]  When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time.  The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause]  Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jonathan Melmed (SBN 290218)<br>Melmed Law Group P.C.<br>1180 s. Beverly Drive, Suite 610<br>Los Angeles, CA 90035<br>TELEPHONE NO.: (310) 824-3828   FAX NO.: (310) 862-6851<br>ATTORNEY FOR (Name): Plaintiff Mieshia Marie Jackson | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: 801 10th Street, 4th Floor
MAILING ADDRESS: 801 10th Street, 4th Floor
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse

Electronically Filed
1/21/2020 9:56 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Carly Bonzi, Deputy

CASE NAME: Jackson v. Fastenal Company

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CV-20-000431 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [X] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 8
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 20, 2020

Jonathan Melmed
(TYPE OR PRINT NAME)

*Jonathan Melmed*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one.  If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper.  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex.  If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2.  If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action.  A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**POS-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Jonathan Melmed (SBN 290218)
Melmed Law Group P.C.
1180 S. Beverly Drive, Suite 610
Los Angeles, CA 90035

TELEPHONE NO.: (310) 824-3828     FAX NO. (Optional): (310) 862-6851
E-MAIL ADDRESS (Optional): jm@melmedlaw.com
ATTORNEY FOR (Name): Plaintiff Mieshia Marie Jackson

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Stanislaus
STREET ADDRESS: 801 10th Street, 4th Floor
MAILING ADDRESS: 801 10th Street, 4th Floor
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Building

| PLAINTIFF/PETITIONER: Mieshia Marie Jackson | CASE NUMBER: CV-20-000431 |
|---|---|
| DEFENDANT/RESPONDENT: Fastenal Company | |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* Notice of Case Management Conference

3. a. Party served *(specify name of party as shown on documents served):*

   Fastenal Company; and DOES 1 through 20, inclusive

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Evan R. Moses, Counsel for Defendant (authorized to accept service on behalf of Defendant)

4. Address where the party was served: 400 South Hope Street, Suite 1200, Los Angeles, CA 90071

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*             at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*           from *(city):*             or [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Mieshia Marie Jackson | CASE NUMBER: CV-20-000431 |
|---|---|
| DEFENDANT/RESPONDENT: Fastenal Company | |

5.  c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date):*   January 24, 2020          (2) from *(city):*   Los Angeles, CA

  (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

  (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

  [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [X] On behalf of *(specify):*   Fastenal Company; and DOES 1 through 20, inclusive
      under the following Code of Civil Procedure section:

   [ ] 416.10 (corporation)            [ ] 415.95 (business organization, form unknown)
   [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)
   [ ] 416.30 (joint stock company/association) [ ] 416.70 (ward or conservatee)
   [ ] 416.40 (association or partnership) [ ] 416.90 (authorized person)
   [ ] 416.50 (public entity)          [ ] 415.46 (occupant)
                                       [ ] other:

7. **Person who served papers**
   a. Name:  Lorie Gutierrez
   b. Address: 1180 S. Beverly Drive, Suite 610, Los Angeles, CA 90035
   c. Telephone number:  (310) 824-3828
   d. **The fee** for service was: $ 0.00
   e. I am:

   (1) [X] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [ ] a registered California process server:
       (i) [ ] owner  [ ] employee  [ ] independent contractor.
       (ii) Registration No.:
       (iii) County:

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: January 24, 2020

Lorie Gutierrez
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

RECEIVED
JAN 27 2020

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.