# EXHIBIT A

**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Phone: (310) 277-0614
Fax: (310) 277-0635

**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
Kyle D. Smith (SBN 280489)
ks@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828
Fax: (310) 862-6851

Attorneys for Plaintiff, the Putative Class, and the Aggrieved Employees

*Additional Counsel Listed on Next Page*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIESHIA MARIE JACKSON, an individual, on behalf of herself, the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FASTENAL COMPANY, a Minnesota Corporation; and DOES 1 TO 20,<br><br>    Defendants. | Case Number: 1:20-cv-00345-NONE-SAB<br><br>**Joint Stipulation re: Class Action Settlement**<br><br>Complaint Filed:    January 21, 2020<br>Trial Date:            None<br>Magistrate Judge:  Hon. Stanley A. Boone<br>                            Courtroom 9, Fresno |

1

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

Evan R. Moses (SBN 198099)
evan.moses@ogletree.com
Melis Atalay (SBN 301373)
melis.atalay@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Phone: (213) 239-9800
Fax: (213) 239-9045

Attorneys for Defendant

Fastenal Company

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

TO THE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

This Joint Stipulation Re: Class Action Settlement (hereinafter "Stipulation" or "Settlement Agreement") is made and entered into by: **(1)** Plaintiff Mieshia Marie Jackson ("Plaintiff"), individually and in her representative capacity on behalf of the Settlement Class, as defined below, and as a private attorney general on behalf of the State of California; and **(2)** Defendant Fastenal Company ("Defendant"). This Settlement Agreement is subject to the approval of the Court and is made for the sole purpose of attempting to consummate settlement of the action on a class-wide basis subject to the following terms and conditions.  This Settlement shall be binding on Plaintiff and the class she purports to represent, Defendant, and on their respective counsel, subject to the terms and conditions hereof and the approval of the Court.

THE PARTIES STIPULATE AND AGREE as follows:

1. **DEFINITIONS**

As used in this Settlement Agreement, the following terms shall have the meanings specified below. To the extent terms or phrases used in this Settlement Agreement are not specifically defined below, but are defined elsewhere in this Settlement Agreement, they are incorporated by reference into this definition section.

   **1.1.    ACTION**

"Action" shall mean the following civil action: *Mieshia Marie Jackson v. Fastenal Company*, case number 1:20-cv-00345-NONE-SAB, in the United States District Court, Eastern District of California, and which was originally filed under the same title as case number CV-20-000431, on January 21, 2020, in the Superior Court of California for the County of Stanislaus.

   **1.2.    ADMINISTRATIVE EXPENSES**

"Administrative Expenses" shall include all costs and expenses associated with and paid to the third-party settlement administrator, which are anticipated not to exceed $20,000.

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

**1.3.    APPLICABLE WAGE ORDERS**

"Applicable Wage Orders" shall mean the California Industrial Welfare Commission ("IWC") Wage Orders applicable to the facts of this case, including IWC Wage Orders 7-2001 and 9-2001 and others that may be applicable. (Cal. Code of Regs., tit. 8, §§ 11070, 11090.)

**1.4.    CLAIMS**

"Claims" shall mean the claims asserted in the Action.

**1.5.    CLASS ATTORNEY FEES AND EXPENSES**

"Class Attorney Fees and Expenses" shall mean the portion of the Gross Settlement Amount for which Class Counsel may apply for their attorney fees and litigation expenses. The amount of Class Attorney Fees and Expenses shall include all past and future attorneys' fees and costs incurred in the Action – including, without limitation, all time expended by Class Counsel in the Actions or in defending the Settlement and securing final approval of the Settlement (including any appeals thereof). The Parties agree that the fee portion of the Class Attorney Fees and Expenses shall be up to 25% of the Gross Settlement Amount (i.e., $600,000.00), as approved by the Court, and the award of costs and expenses shall be up to an additional $20,000.00.

**1.6.    CLASS COUNSEL**

"Class Counsel" shall mean Craig J. Ackermann of Ackermann & Tilajef, P.C., and Jonathan Melmed and Kyle Smith of Melmed Law Group P.C.

**1.7.    CLASS MEMBER**

"Class Member" shall mean any person who is a prospective member of the Settlement Class, or, if such person is incompetent or deceased, the person's legal guardian, executor, heir, or successor-in-interest.

**1.8.    CLASS NOTICE**

"Class Notice" shall mean the *Notice of Proposed Class Action Settlement and Hearing Date for Court Approval*, as set forth in the form of **Exhibit 1** attached hereto, or as otherwise approved by the Court, which is to be mailed to Class Members along with the Share Form.

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

**1.9.    CLASS PARTICIPANTS**

"Class Participants" shall mean all Class Members who do not timely request exclusion from the Class Settlement.

**1.10.    CLASS PERIOD**

"Class Period" shall mean the period from January 21, 2016, through the earlier of: **(1)** July 16, 2021; or **(2)** the date the court grants an order preliminarily approving the Class Settlement.

**1.11.    CLASS REPRESENTATIVE**

"Class Representative" shall mean Plaintiff Mieshia Marie Jackson.

**1.12.    CLASS SETTLEMENT**

"Class Settlement" shall mean the settlement embodied in this Settlement Agreement, which is subject to Court approval.

**1.13.    COMPLAINT**

"Complaint" shall mean the currently-operative complaint in the Action.

**1.14.    COURT**

"Court" shall mean the United States District Court, Eastern District of California, before whom the Action is currently pending.

**1.15.    DEFENDANT**

"Defendant" shall mean Defendant Fastenal Company.

**1.16.    DEFENSE COUNSEL**

"Defense Counsel" shall refer collectively to Evan R. Moses and Melis Atalay of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., located at 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

**1.17.    EFFECTIVE DATE**

The Court's Judgment shall become final on the Effective Date. "Effective Date" shall be the date when all of the following events have occurred: **(a)** this Settlement Agreement has been executed by all Parties and by Class Counsel and Defense Counsel; **(b)** the Court has given preliminary approval to the Class Settlement; **(c)** notice has been given to the Settlement Class providing them with an opportunity to request exclusion from the Class Settlement; **(d)** the Court has held a Final Approval

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

1 | and Fairness Hearing and entered a final order and judgment certifying the Settlement Class and

2 | approving this Settlement Agreement; and **(e)** the later of the following events: **(i)** the expiration of the

3 | period for filing any appeal, writ, or other appellate proceeding opposing the Class Settlement has

4 | elapsed without any appeal, writ, or other appellate proceeding having been filed; **(ii)** the dismissal of

5 | any appeal, writ, or other appellate proceeding opposing the Class Settlement with no right to pursue

6 | further remedies or relief; or **(iii)** any appeal, writ, or the issuance of such other final appellate order

7 | upholding the Court's final order with no right to pursue further remedies or relief. In this regard, it is

8 | the intention of the Parties that the Class Settlement shall not become effective until the Court's order

9 | approving the Class Settlement is completely final and there is no further recourse by an appellant or

10 | objector who seeks to contest the Class Settlement. In the event no objections are filed, the Effective

11 | Date shall be after steps (a) through (d) are completed (i.e., the date that the court has entered a final

12 | order and judgment certifying the Settlement Class and approving this Settlement Agreement).

13 | ## 1.18.   EMPLOYEE'S TAXES AND REQUIRED WITHHOLDING

14 | "Employee's Taxes and Required Withholding" shall mean the employee's share of any and all

15 | applicable federal, state, or local payroll taxes, including those collected under authority of the Federal

16 | Insurance Contributions Act (FICA), the Federal Unemployment Tax Act (FUTA), and/or the State

17 | Unemployment Tax Act (SUTA) on the portion of any Class Participant's Individual Settlement

18 | Amount that constitutes wages. The Employee's Taxes and Required Withholdings will be withheld

19 | from and paid out of the Net Settlement Amount.

20 | ## 1.19.   EMPLOYER'S TAXES

21 | "Employer's Taxes" shall mean and refer to Defendant's share of payroll taxes (e.g.,

22 | Unemployment Insurance, Employment Training Tax, Social Security, and Medicare taxes) that is

23 | owed on the portion of any Class Participant's Individual Settlement Amount that constitutes wages.

24 | The Employer's Taxes shall be separately paid by Defendant and shall not be paid from the Gross

25 | Settlement Amount or Net Settlement Amount.

26 | ## 1.20.   FINAL APPROVAL AND FAIRNESS HEARING

27 | "Final Approval and Fairness Hearing" shall mean the final hearing before the Court to finally

28 | approve the Settlement as fair, reasonable, and adequate.

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

**1.21.  GROSS SETTLEMENT AMOUNT**

"Gross Settlement Amount" is the agreed upon non-reversionary settlement amount totaling $2,400,000.00 to be paid by Defendant in full settlement of the Released Claims asserted in this case, inclusive of the Administrative Expenses, the Employee's Taxes and Required Withholdings, the Class Attorney Fees and Expenses, the Incentive Award, and PAGA Payment and all other amounts other than the Employer's Taxes defined above. This is the maximum possible amount that may be paid by Defendant to resolve the Action, with the exception of the Employer's Taxes defined above. Defendant shall separately pay its share of the Employer's Taxes in addition to the Gross Settlement Amount on the portion of each Individual Settlement Amount allocated as wages.

**1.22.  HEARING ON PRELIMINARY APPROVAL**

"Hearing on Preliminary Approval" shall mean the hearing held on the motion for preliminary approval of the Class Settlement.

**1.23.  INCENTIVE AWARD**

"Incentive Award" shall mean any additional monetary payment provided to the Class Representative for her efforts and risks on behalf of the Settlement Class in this Action.

**1.24.  INDIVIDUAL SETTLEMENT AMOUNT**

"Individual Settlement Amount" shall mean a Class Participant's share of the Net Settlement Amount, as further detailed in Paragraphs 7.2 and 7.3 below.

**1.25.  NET SETTLEMENT AMOUNT**

"Net Settlement Amount" shall mean the Gross Settlement Amount after all Court-approved deductions for Administrative Expenses; Class Attorney Fees and Expenses; 75% of the share of the Gross Settlement Amount allocated toward penalties pursuant to the Labor Code Private Attorney General Act of 2004 ("PAGA"), codified at Labor Code sections 2698 through 2699.6, which are payable to the California Labor and Workforce Development Agency ("LWDA"); and Plaintiff's Incentive Award. The Net Settlement Amount is the maximum amount that will be available for distribution to Class Participants.

**1.26.  OPT OUT**

"Opt Out" shall refer to the process of submitting a timely and valid request exclusion from the Class Settlement in accordance with the terms of the Class Notice and no later than the Response Deadline, as described in Paragraph 6.5 below.

**1.27.  OPT-OUTS**

"Opt-Outs" shall mean all persons who timely and validly request exclusion from the Class Settlement in accordance with the terms of the Class Notice and no later than the Response Deadline, as described in Paragraph 6.5 below.

**1.28.  PAGA PAYMENT**

"PAGA Payment" means the penalties pursuant to PAGA that the Parties have agreed is a reasonable sum to be paid in settlement of the PAGA claims included in the Action, which is $24,000.00. The PAGA Payment is to be deducted from the Gross Settlement Amount. The PAGA Payment is to be approved by the Court pursuant to Labor Code section 2699 and is to be distributed as follows: seventy-five percent (75%) (i.e., $18,000.00) to the LWDA and twenty-five percent (25%) (i.e., $6,000.00) to the PAGA Settlement Class. Class Counsel shall give timely notice of this Settlement Agreement to the LWDA pursuant to Labor Code section 2699, subdivision (l)(2).

**1.29.  PAGA PERIOD**

"PAGA Period" shall mean the period from December 2, 2018, through the earlier of: (**1**) July 16, 2021; or (**2**) the date the court grants an order preliminarily approving the Class Settlement.

**1.30.  PAGA SETTLEMENT CLASS**

"PAGA Settlement Class" shall mean all individuals who are or were employed as hourly, nonexempt, employees employed by Defendant in California during the PAGA Period.

**1.31.  PARTIES**

"Parties" shall mean Plaintiff and Defendant.

**1.32.  PLAINTIFF**

"Plaintiff" shall mean Plaintiff Mieshia Marie Jackson.

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

**1.33.   PRELIMINARY APPROVAL DATE**

"Preliminary Approval Date" shall mean the date upon which the Court enters an order preliminarily approving this Settlement Agreement.

**1.34.   RELEASED CLAIMS**

All Class Members who do not opt out of the Settlement will be bound by a release of all claims and causes of action falling within the definition of "Released Claims" (below), whether known or unknown, and irrespective of the factual basis for such claims. The scope of the release is limited to the Released Claims.  Plaintiff and the Class Participants may hereafter discover facts or legal arguments in addition to or different from those they now know or currently believe to be true with respect to the claims, causes of action and legal theories of recovery in this Action. Regardless, the discovery of new facts or legal arguments shall in no way limit the scope or definition of the Released Claims, and by virtue of this Agreement, Plaintiff and the Class Participants shall be deemed to have, and by operation of the final judgment approved by the Court, shall have, fully, finally, and forever settled and released all of the Released Claims. The parties understand and specifically agree that the scope of the release described in this Paragraph: is a material part of the consideration for this Agreement; was critical in justifying the agreed upon economic value of this settlement and without it Defendant would not have agreed to the consideration provided; and is narrowly drafted and necessary to ensure that Defendant is obtaining peace of mind regarding the resolution of claims that were or could have been alleged based on the facts, causes of action, and legal theories contained in Plaintiff's Complaint.

The "Released Claims" are all claims, demands, suits, debts, obligations, damages, liabilities and causes of action alleged in the operative Complaint ("Complaint"), and all claims, demands, suits, debts, obligations, damages, liabilities, or causes of action which could have been alleged based on the facts and legal theories alleged in the Complaint, including: claims for failure to pay all wages due, failure to provide proper meal periods or proper meal premiums, failure to provide proper rest breaks or rest premiums, failure to reimburse for business expenses, failure to provide proper wage statements, failure to timely pay all wages when due or waiting time penalties; claims under California Labor Code

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

§§ 201, 202, 203, 204, 210, 226, 226.2, 226.3, 226.7, 246, 510, 512, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, Section 3, 11, and 12 of IWC Wage Order Nos. 9-201 and/or 7-2001; Unfair Competition Law (UCL) violations pursuant to Cal. Bus. & Prof. Code §17200 based on the foregoing; civil penalties based on the foregoing under California's Private Attorney Generals Act ("PAGA") (Labor Code §§ 2698-2699.5); and all damages, penalties, interest and other amounts recoverable under said causes of action under California and federal law, to the extent permissible, including but not limited to the California Labor Code as to the facts alleged in the Action, the applicable Wage Orders as to the facts alleged in the proposed complaint, and the California Unfair Competition Law. The Release Period shall be the Class Period.

This Settlement Agreement will not release any person, party, or entity from claims, if any, by Class Participants for workers compensation, unemployment, or disability benefits of any nature. Nor does it release any claims, actions, or causes of action which may be possessed by Class Participants under state or federal discrimination statutes, including, without limitation, the California Fair Employment and Housing Act (Gov. Code, §§ 12900–12996); the Unruh Civil Rights Act (Civ. Code, § 51); the California Constitution; Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000, et seq.); the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.); the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.); and all of their implementing regulations and interpretive guidelines.

### 1.35.   RELEASED PARTIES

"Released Parties" shall mean and refer to Defendant and all of Defendant's current or former parent companies, partnerships, joint ventures, and/or staffing agencies, and, with respect to each of them, all of their and/or such related entities' predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, partners, principals, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, though, under, or in concert with any of the persons or entities listed in this subsection, and their successors, .

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

**1.36.   RELEASING PARTIES**

"Releasing Parties" shall mean every Class Participant and all persons purporting to act on their behalf or purporting to assert a claim under or through them, including, but not limited to, their dependents, heirs, assigns, beneficiaries, devisees, legatees, executors, administrators, agents, trustees, conservators, guardians, personal representatives, and successors-in-interest, whether individual, class, representative, legal, equitable, direct or indirect, or any other type or in any other capacity.

**1.37.   RESPONSE DEADLINE**

"Response Deadline" shall mean the date forty-five (45) calendar days following the date on which the Settlement Administrator first mails Class Notice to the Class Members and the last day on which Class Members may submit a request for exclusion and/or objection to Class Settlement.

**1.38.   SETTLEMENT ADMINISTRATOR**

"Settlement Administrator" shall mean ILYM Group, Inc. (or other administrator agreed on by the parties) which the Parties have agreed will be responsible for administration of the Class Settlement and related matters.

**1.39.   SETTLEMENT CLASS**

"Settlement Class" shall mean all hourly non-exempt individuals who are or were employed by Defendant in California at any point during the Class Period. Defendant represents that between January 21, 2016 and October 31, 2020, there were approximately 1,771 Settlement Class Members that worked a total of approximately 79,016 workweeks. If the Court does not grant either the preliminary or final approval of settlement, of if the settlement is revoked, the Parties stipulate that the conditional class certification is revoked without prejudice.

**1.40.   SHARE FORM**

"Share Form" shall mean the Share Form, as set forth in the form of **Exhibit 2** attached hereto, or as otherwise approved by the Court, which is to be mailed to Class Members along with the Class Notice.

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

## 2.    FACTUAL AND PROCEDURAL BACKGROUND

### 2.1.    PLAINTIFF'S CLAIMS

On January 21, 2020, Plaintiff, individually and in her representative capacity on behalf of the Settlement Class, and as a private attorney general on behalf of the State of California, has alleged the following violations: **(1)** failure to pay proper overtime wages in violation of Labor Code sections 510, 1197, and 1198, and the Applicable Wage Orders; **(2)** failure to provide compliant rest periods and pay missed rest break premiums in violation of Labor Code section 226.7 and the Applicable Wage Orders; **(3)** failure to provide compliant meal periods and pay missed meal period premiums in violation of Labor Code sections 226.7 and 512, and the Applicable Wage Orders; **(4)** failure to pay all wages due and owing at separation in violation of Labor Code sections 201, 202, and 203; **(5)** failure to reimburse business expenses in violation of Labor Code sections 2802 and 2804; **(6)** failure to provide complete and accurate wage statements in violation of Labor Code sections 226 and 226.3; **(7)** deceptive, fraudulent, or otherwise unlawful business practices based on the foregoing in violation of California's Unfair Competition Law (Bus. & Prof. Code, §§ 17200–17210); and **(8)** penalties based on the foregoing pursuant to PAGA (Lab. Code, §§ 2698-2699.6).

### 2.2.    DISCOVERY, INVESTIGATION, RESEARCH, AND MEDIATION

The Parties have conducted a detailed and comprehensive investigation of the claims asserted against Defendant and of the applicable law. This discovery, investigation, and prosecution has included, among other things, **(a)** over a dozen telephonic conferences with Plaintiff; **(b)** inspection and analysis of hundreds of pages of documents and other information produced by Plaintiff and Defendant; **(c)** analysis of employment data from a sample of Class Members; **(d)** an analysis of the legal positions taken by Defendant; **(e)** investigation into the viability of class treatment of the claims asserted in the Action; **(f)** analysis of potential class-wide damages, including information sufficient to understand Defendant's potential defenses to Plaintiff's claims; **(g)** research of the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto; **(h)** assembling and analyzing of data for calculating damages; and (i) consideration of information disclosed at and in connection with mediation.

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

1    Class Counsel and the Class Representative have vigorously prosecuted this case, and

2    Defendant has vigorously contested it. The Parties have engaged in sufficient investigation and

3    discovery to assess the relative merits of the claims of the Class Representative and of the defenses to

4    them.

5    After such discovery, investigation, and prosecution, the Parties attended a full-day mediation

6    with an experienced employment law mediator, Louis Marlin, which culminated in a settlement in

7    principal, the terms of which are elaborated in this Settlement Agreement.

8    **2.3.    ALLEGATIONS OF THE CLASS REPRESENTATIVE AND BENEFITS OF**

9    **CLASS SETTLEMENT**

10    The document and data exchange in this matter, as well as discussions between counsel, have

11    been adequate to give the Class Representative and Class Counsel a sound understanding of the merits

12    of their positions and to evaluate the value of the claims of the Settlement Class. The informal discovery

13    conducted in this Action and the information exchanged by the Parties through pre-mediation

14    discussions are sufficient to reliably assess the merits of the Parties' respective positions and to

15    compromise the issues on a fair and equitable basis.

16    The Class Representative and Class Counsel believe that the claims, causes of action,

17    allegations, and contentions asserted in the Action have merit. However, the Class Representative and

18    Class Counsel recognize and acknowledge the expense and delay of continued lengthy proceedings

19    necessary to prosecute the Action against Defendant through trial and through appeals. Class Counsel

20    has taken into account the uncertain outcome of the litigation, the risk of continued litigation in complex

21    actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential

22    difficulty of obtaining certification of the Settlement Class as well as trying the claims of the class.

23    Class Counsel is mindful of the potential problems of proof under, and possible defenses to, the claims

24    alleged in the Action.

25    The Class Representative and Class Counsel believe that the settlement set forth in this

26    Settlement Agreement confers substantial benefits upon Plaintiff and the Settlement Class and that an

27    independent review of this Settlement Agreement by the Court in the approval process will confirm

28    this conclusion. Based on their own independent investigation and evaluation, Class Counsel has

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

1  determined that the settlement set forth in this Settlement Agreement is in the best interests of Plaintiff

2  and the Class Members.

3  **2.4.  DEFENDANT'S DENIALS OF WRONGDOING AND LIABILITY**

4  Defendant has denied and continues to deny all allegations, claims, and contentions alleged by

5  Plaintiff in the Action. Defendant has expressly denied and continues to deny all charges of wrongdoing

6  or liability against it arising out of any of the conduct, statements, acts, or omissions alleged in the

7  Action, and has expressly denied and continues to deny any wrongdoing whatsoever. Defendant

8  contends that it complied with California and federal wage and hour laws and has dealt legally and

9  fairly with Plaintiff and the Class Members.

10  Defendant further denies that, for any purpose other than settling this Action, these claims are

11  appropriate for class or representative treatment. Nonetheless, Defendant has concluded that further

12  proceedings in the Action would be protracted and expensive and that it is desirable that the Action be

13  fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement

14  Agreement to dispose of burdensome and protracted litigation, to permit the operation of Defendant's

15  respective businesses without further expensive litigation and the distraction and diversion of their

16  personnel with respect to matters at issue in the Action. Defendant has also taken into account the

17  uncertainty and risks inherent in any litigation, especially in complex cases such as the Action.

18  Defendant has, therefore, determined that it is desirable and beneficial to it that the Action be settled

19  in the manner and upon the terms and conditions set forth in this Settlement Agreement.

20  **2.5.  INTENT OF THE CLASS SETTLEMENT**

21  The Class Settlement set forth herein intends to achieve the following: (**1**) entry of an order

22  approving the Class Settlement; (**2**) entry of judgment of the Action; (**3**) discharge of the Released

23  Parties from liability for any and all of the Released Claims; and (**4**) discharge of Defendant from

24  liability for any and all claims arising out of the Action.

25  **3.  CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS**

26  For the purposes of this Settlement Agreement and the Class Settlement of this Action only, the

27  Parties agree to conditional class certification of the Settlement Class. The certification of the

28  Settlement Class shall not constitute, in this or any other proceeding, an admission of any kind by

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

Defendant, including without limitation, that certification of a class is or would be warranted, appropriate or proper; or that Plaintiff could establish any of the requisite elements for class treatment of any of the claims in the Action.In the event that the Settlement Agreement is not finally approved by the Court, a Final Effective Date is not achieved, or the Class Settlement is rejected, terminated, or otherwise rendered null and void as set forth herein, then certification of the Settlement Class shall be automatically vacated, shall be void *ab initio*, of no force or effect, and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this Action or in any other action which have been, are or can be, satisfied. Further, if the Agreement does not reach a Final Effective Date, Plaintiff agrees that Plaintiff will not argue, claim, reference, or otherwise raise any preliminary approval of the Settlement Class in connection with any later proceeding before the Court.

**4.    APPOINTMENT OF CLASS COUNSEL**

For purposes of this Settlement Agreement and subject to the Court's approval, the Parties agree to the appointment of Class Counsel as counsel for the Settlement Class and the effectuation of the Class Settlement pursuant to this Settlement Agreement.

**5.    CONSIDERATION**

**5.1.    SETTLEMENT AMOUNT**

The Parties agree to settle this Action for the Gross Settlement Amount of $2,400,000.00. There shall be no reversion to Defendant. Defendant shall pay the Gross Settlement Amount in full. The Gross Settlement Amount and other actions and forbearances taken by Defendant shall constitute adequate consideration for the Class Settlement and will be made in full and final settlement of: the Released Claims, the Class Attorney Fees and Expenses, Administrative Expenses, the Incentive Award, the PAGA Payment (and any payments to individual PAGA Class Members resulting from the PAGA Payment), and any other obligation of Defendant under this Settlement Agreement (other than the Employer's Taxes on the portion of the Net Settlement Amount allocated to the payment of wages). Under no circumstances will Defendant be obligated to pay more than the Gross Settlement Amount and its share of the employer's payroll taxes, which shall be funded in addition to the Gross Settlement Amount as a result of this Settlement, unless otherwise provided for in this Settlement.

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

**5.2.    INCENTIVE AWARD FOR PLAINTIFF**

Plaintiff may petition the Court to approve an Incentive Award in an amount up to $7,500.00 for Mieshia Marie Jackson to acknowledge her efforts on behalf of the Settlement Class in this Action, including assisting in the investigation and consulting with Class Counsel and providing crucial documents to Class Counsel. Defendant shall not oppose any request by Plaintiff for an Incentive Award in such an amount. Any Incentive Award approved by the Court shall be paid to Plaintiff from the Gross Settlement Amount and shall be in addition to any distribution to which she may otherwise be entitled as a Class Participant. Any Incentive Award approved by the Court shall not be considered wages, and the Settlement Administrator shall issue to Plaintiff an IRS Form 1099 reflecting such payment. Plaintiff shall be responsible for the payment of all taxes with respect to any Incentive Award approved by the Court and shall hold Defendant harmless from all liability with regard thereto. In the event the Court reduces Class Representative's Incentive Award, the reduced amount shall be added to the Net Settlement Amount to be distributed to Class Participants.

**5.3.    PAYMENT TO CLASS PARTICIPANTS**

Each Class Participant shall be eligible to receive payment of the Individual Settlement Amount, which is a share of the Net Settlement Amount based on the pro rata number of weeks worked by the Class Members during the Class Period as a proportion of all weeks worked by all Class Members. For purposes of this calculation, a workweek means a week where a Class Member was employed in California in a non-exempt hourly job position. Each Class Participant, including Plaintiff, shall be responsible for the payment of the Employee's Taxes and Required Withholding with respect to his or her Individual Settlement Amount and shall hold Defendant harmless from any and all liability with regard thereto.

**5.4.    PAYMENT TO PAGA SETTLEMENT CLASS**

Each member of the PAGA Settlement Class shall be entitled to receive a portion of the PAGA Payment. The PAGA Payment shall consist of the penalties pursuant to PAGA that the Parties have agreed is a reasonable sum to be paid in settlement of the PAGA claims included in the Action, which is $24,000.00. The PAGA Payment must be approved by the Court pursuant to Labor Code section 2699 and is to be distributed as follows: seventy-five percent (75%) (i.e., $18,000.00) to the LWDA

1  and twenty-five percent (25%) (i.e., $6,000.00) to the PAGA Settlement Class. The portion of the

2  PAGA Payment allocated to the PAGA Settlement Class shall be distributed to the PAGA Settlement

3  Class based on the pro rata number of pay periods worked by each particular PAGA Settlement Class

4  member during the PAGA Period as a proportion of all pay periods worked by all members of the

5  PAGA Settlement Class.

6      **5.5.    TAX TREATMENT AND PAYMENT**

7      The Settlement Administrator shall be responsible for paying the employees' share of federal,

8  state, and local payroll and income taxes. For the purpose of calculating Employee's Taxes and

9  Required Withholding for the Individual Settlement Amounts for Class Participants (including any

10 payments to the Class Representative but exclusive of her Incentive Award), the Parties agree that 20%

11 of each Individual Settlement Amount shall constitute payment in the form of wages (and each Class

12 Participant will be issued an IRS Form W-2 for such payment to him or her), and 80% of each

13 Individual Settlement Amount shall constitute penalties and interest (and each Class Participant will

14 be issued an IRS Form 1099 for such payment to him or her).

15     Prior to final distribution, the Settlement Administrator shall calculate the total Employee's

16 Taxes and Required Withholding due as a result of the wage portion of Class Participants' anticipated

17 Individual Settlement Amounts and such actual amount will be deducted from the Net Settlement

18 Amount. Additionally, prior to the funding of the Gross Settlement Amount and final distribution, the

19 Settlement Administrator shall calculate the total Employer's Taxes due on the wage portion of the

20 Class Participants' Individual Settlement Amounts and issue instructions to Defendant to separately

21 fund these tax obligations/withholdings. The Parties understand that Plaintiff and the Class Participants

22 who receive any payment pursuant to this Settlement Agreement shall be solely responsible for all

23 other individual tax obligations.

24     With respect to the PAGA Payment and any payments made to individual members of the

25 PAGA Settlement Class, all such payments shall be treated as payments owing for penalties and interest

26 thereon and shall not be considered wages. The Settlement Administrator shall issue to members of the

27 PAGA Settlement Class an IRS Form 1099 reflecting such payment. Members of the PAGA Settlement

28

1    Class shall be solely responsible for the payment of all taxes with respect to any PAGA payments made

2    to them.

3          The Settlement Administrator shall issue an IRS Form W-2 to each Class Participant for the

4    portion of the Individual Settlement Amount that is designated as wages. The Settlement Administrator

5    shall issue an IRS Form 1099 to each Class Participant for the portion of the Individual Settlement

6    Awards that is not designated as wages. The Settlement Administrator shall issue an IRS Form 1099

7    to the Class Representative for any enhancement award paid in connection with her roles as the Class

8    Representative.

9          The Settlement Administrator shall file, with the California Employment Development

10   Department ("EDD"), the required reports of Personal Income Tax ("PIT") wages withheld from the

11   Individual Settlement Amounts, as well as the amounts to be paid as Unemployment Insurance ("UI"),

12   Employment Training Tax ("ETT"), and State Disability Insurance ("SDI"). For purposes of this

13   reporting, prior to disbursement of the Individual Settlement Amounts, the Settlement Administrator

14   shall provide Defendant with a list of all Class Participants, and Defendant shall provide to the

15   Settlement Administrator the following information:  (1) its Form DE 2088, Notice of Contribution

16   Rates and Statement of UI Account, for the current calendar year (if unavailable, Defendant may

17   provide instead their California State Employer's Identification Number and its applicable UI and ETT

18   Rates); and (2) the year-to-date earnings of each Class Participant who received any wages from

19   Defendant during the current calendar year.

20         All Class Participants and Plaintiff will be responsible for correctly characterizing the

21   compensation they receive for tax purposes and for paying any taxes on the amounts received, except

22   for the employer contributions which will be handled as provided by this Stipulation. The Class

23   Participants and Plaintiff agree to indemnify Defendant for any liability Defendant incurs to any tax

24   authority on account of the Class Participants' or Plaintiff's failures to pay all taxes due on amounts

25   they receive hereunder, except if the failure results from Defendant's failure to pay its own portion of

26   taxes due.  The liability of each Class Participant and Plaintiff is limited to the liability caused by that

27   individual's own failure.

28

**5.6.    NO EFFECT ON EMPLOYEE BENEFIT PLANS**

Neither the Class Settlement nor any amounts paid under the Class Settlement will modify any previously credited hours, days, or weeks of service under any employee benefit plan, policy or bonus program sponsored by Defendant. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant's sponsored benefit plans, policies, or bonus programs. The payments made under the terms of this Settlement Agreement shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any of Defendant's benefit plan, policy, or bonus program. Defendant retains the right to modify the language of its benefits plans, policies, and bonus programs to reflect this intent and to make clear that any amounts paid pursuant to this Settlement Agreement are not for "weeks worked," "weeks paid," "weeks of service," or any similar measuring term as defined by applicable plans, policies, and bonus programs for purpose of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Settlement Agreement. Defendant does not consider the Class Settlement payments "compensation" for purposes of determining eligibility for, or benefit accrual within, any benefit plans, policies, or bonus programs, or any other plan sponsored by Defendant.

**5.7.    CLASS ATTORNEY FEES AND EXPENSES**

As part of the motion for final approval of the Class Settlement, Class Counsel may apply for an award of Class Attorney Fees and Expenses with the fee portion not to exceed 25% of the Gross Settlement Amount (i.e., $600,000.00) and the award of costs and expenses up to an additional $20,000.00. The Class Attorney Fees and Expenses shall be paid from the Gross Settlement Amount. Defendant agrees to not object to any such fee, cost, or expense application in those amounts.

As a condition of this Class Settlement, Class Counsel has agreed to pursue fees only in the manner reflected by this subsection. Any Class Attorney Fees and Expenses awarded by the Court shall be paid from the Gross Settlement Amount prior to arriving at the Net Settlement Amount and shall not constitute payment to any Class Members. If Class Counsel voluntarily reduces the request for Class Attorney Fees and Expenses or the Court's award of Class Attorney Fees and Expenses is less than set forth above, the Net Settlement Amount shall be recalculated to reflect the actual Class

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

1    Attorney Fees and Expenses awarded. In the event the Court reduces the Class Attorney Fees and

2    Expenses, the reduced amount shall be added to the Net Settlement Amount to be distributed to Class

3    Participants.

4           The Class Attorney Fees and Expenses approved by the Court shall reflect: **(a)** all work

5    performed and costs and expenses incurred by, or at the direction of, any attorney purporting to

6    represent the Settlement Class through the date of this Settlement Agreement; **(b)** all work to be

7    performed and costs to be incurred in connection with approval by the Court of the Class Settlement;

8    **(c)** all work to be performed and costs and expenses, if any, incurred in connection with administering

9    the Class Settlement through the Effective Date and dismissal of the Action with prejudice; and **(d)** may

10   be based on the "catalyst theory" and/or the "common fund doctrine."

11   **6.**    **SETTLEMENT ADMINISTRATION**

12         **6.1.**    **COSTS AND EXPENSES**

13          All costs and expenses due to the Settlement Administrator in connection with its administration

14   of the Class Settlement, including, but not limited to, providing the Class Notice, locating Class

15   Members, processing Opt Out requests and objections, distributing the portion of the PAGA Payment

16   payable to the LWDA, distributing the portion of the PAGA Payment payable to the members of the

17   PAGA Settlement Class, and calculating, administering and distributing Individual Settlement

18   Amounts to the Class Participants and related tax forms, shall be paid from the Gross Settlement

19   Amount, and is not expected to exceed $20,000. To the extent actual costs for claims administration

20   are less than $20,000, those amounts will be added to the Net Settlement Amount to be distributed to

21   Class Participants. Defendant agrees not to oppose any such applications which are consistent with this

22   paragraph.

23         **6.2.**    **PAYMENT BY DEFENDANT**

24          Defendant shall deposit the Gross Settlement Amount in a lump sum payment plus the

25   employer-side payroll taxes to the Settlement Administrator within fifteen (15) days of the Effective

26   Date by wiring that amount to the Settlement Administrator. In no event shall Defendant be obligated

27   to pay or deposit with the Settlement Administrator more than $2,400,000.00 plus the Employer's

28   Taxes, except where the Escalator Provision is triggered.

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

### 6.3.    THE SETTLEMENT ADMINISTRATOR

The Settlement Administrator will be responsible for: (a) preparing, translating into Spanish, printing, and mailing the Class Notice and Share Form (**Exhibit 1** and **Exhibit 2**, respectively) to Class Members as well as following up with reasonable skip tracing; (b) posting notice of entry of final order and judgment certifying the Class Settlement and approving this Settlement Agreement; (c) handling inquiries from Class Members concerning the Class Notice; (d) determining Individual Settlement Amounts; (e) determining individual payments to members of the PAGA Settlement Class; (f) maintaining the settlement funds in an appropriate interest-bearing account; (g) preparing, administrating, and distributing Individual Settlement Amounts to Class Participants; (h) preparing, administrating, and distributing individual payments to members of the PAGA Settlement Class; distributing the portion of the PAGA Payment payable to the LWDA; (i) issuing a final report; (j) notifying the Parties of the identity of Class Members who submit timely Requests for Exclusion; (k) calculating and paying the employer's share of the applicable federal and state withholding taxes; (l) filing any required federal and state tax forms and related agency reporting; (m) filing nay required reports with the Court; and (n) performing such other duties as the Parties may direct. Additionally, the Settlement Administrator will handle all tax document preparation and reporting, including state and federal tax forms, if any.

On a weekly basis, the Settlement Administrator will provide reports to Class Counsel and Defense Counsel with summary information updating them as to the number of validated and timely objections and Opt Out requests. The Settlement Administrator will serve on Class Counsel and Defense Counsel via e-mail date-stamped copies of the original Opt Out requests and objections no later than seven (7) days after their receipt. The Settlement Administrator will provide Class Counsel with proof of mailing of the Class Notice, without listing individual Class Member names which the Settlement Administrator will file with the Court at the time Class Counsel files its motion in support of the Court's Final Approval and Fairness Hearing.

No later than seven (7) days prior to the Final Approval and Fairness Hearing, the Settlement Administrator will compile and deliver to Class Counsel and Defense Counsel a report with summary information regarding: **(a)** the total amount of final Individual Settlement Amounts of each Class

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

1  Participant, without any identifying personal information; **(b)** the number of Class Participants to

2  receive such payments, and **(c)** the final number of Opt-Outs and objections.

3        **6.4.    NOTICE TO CLASS MEMBERS**

4        Notice shall be provided to Class Members in the following manner: No earlier than twenty-

5  eight (28) days after the Preliminary Approval Date, Defendant shall provide the Settlement

6  Administrator with data that is within Defendant's possession containing, for each Class Member: (a)

7  The Class Member's name; (b) the Class Member's last known address; (c) the Class Member's social

8  security number; (d) the Class Member's first date of employment in California in a non-exempt hourly

9  job position; and (e) the Class Member's last date of employment (if any) in California in a non-exempt

10  hourly job position. This Class information is confidential and not to be disclosed to anyone other than

11  the Settlement Administrator.  This information shall be based on Defendant's payroll and other

12  business records, and shall be in a format readily accessible to Defendant.

13        Within twenty-eight (28) days following the Preliminary Approval Date, the Settlement

14  Administrator shall determine the number of workweeks worked by each Class Member; populate the

15  data for each Class Member accordingly; conduct a National Change of Address search to update any

16  addresses provided; and thereafter mail a copy of the Notice to all Class Members by first class regular

17  U.S. Mail, using the most current mailing address information provided by Defendant and/or obtained

18  by the Settlement Administrator.  The Class Notice shall also contain an easily-understood statement

19  alerting the Class Members that, unless they elect to Opt Out of the Class Settlement, the Class Member

20  is releasing and waiving all Released Claims against the Released Parties.

21        The Class Notice will inform Class Members of their estimated share of the settlement and the

22  number of workweeks they worked during the Class Period. Class Members may dispute their

23  workweeks if they believe they worked more weeks in the Class Period than Defendant's records show

24  by submitting information to the Settlement Administrator no later than forty-five (45) days after being

25  mailed the Class Notice and Share Form by the Settlement Administrator, which is the defined

26  Response Deadline. The Settlement Administrator will jointly work with Plaintiff and Defendant to

27  resolve the dispute in good faith. If Plaintiff and Defendant cannot agree over the workweeks to be

28

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

1  credited, the Settlement Administrator shall make the final decision based on the information presented

2  by the Class Member and Defendant.

3        The Settlement Administrator will engage in address searches consistent with its normal

4  practices in administering settlements of wage claims, including skip tracing.  Such search efforts shall

5  include, where necessary, using social security numbers to obtain better address information and

6  attempting to call such Class Members.

7        **6.5.    OPT-OUT PROCEDURE**

8        Class Members who do not timely Opt Out of the Class Settlement will be deemed to participate

9  in the Class Settlement and shall become Class Participants without having to submit a claim form or

10  take any other action. To Opt Out of the Class Settlement, the Class Member must submit a letter or

11  postcard to the Settlement Administrator by the Response Deadline. The Opt Out request must state

12  the Class Member's name, address, telephone number, and signature. The Opt Out request should state

13  something to the effect of:

14
        "I WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN THE *MIESHIA*
15
        *MARIE JACKSON V. FASTENAL COMPANY* LAWSUIT. I UNDERSTAND THAT IF
16
        I ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS, I WILL NOT
17
        RECEIVE ANY MONEY FROM THE CLASS SETTLEMENT OF THIS LAWSUIT
18
        AND WILL NOT BE RELEASING ANY CLAIMS I MIGHT HAVE."
19

20        Any Opt Out request that is not postmarked by the Response Deadline will be invalid.

21        Any returned envelopes from this mailing with forwarding addresses will be utilized by the

22  Settlement Administrator to forward the Notices to the Class Members.  Notices returned to the

23  Settlement Administrator as non-delivered shall be re-sent to the forwarding address, if any, on the

24  returned envelope. Upon completion of these steps by the Settlement Administrator, the Parties shall

25  be deemed to have satisfied their obligation to provide the Notice to the affected Class Member. The

26  affected Class Member shall remain a Class Participant and shall be bound by all the terms of this

27  Stipulation and the Court's Final Order and Judgment.  Any Re-Mailing of the Notice shall extend the

28  receipt deadline by a period of fifteen (15) calendar days.

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

1    It will be presumed that, if an envelope containing the Class Notice has not been returned within

2   twenty-eight (28) days of the mailing, the Class Member received the Class Notice. At least ten (10)

3   days prior to the Final Approval and Fairness Hearing, the Settlement Administrator shall provide Class

4   Counsel and Defense Counsel with a Declaration of Due Diligence and Proof of Mailing with regard

5   to the mailing of the Class Notice and its attempts to locate Class Members. The declaration shall

6   specify the number of Class Members to whom the Class Notice was sent and the number of Class

7   Members to whom the Class Notice was not delivered, as well as information relating to the number

8   of Opt-Outs and objectors. Class Counsel shall file this declaration with the Court.

9    If the Settlement Administrator determines that an Opt Out request returned by a Class Member

10  before the Response Deadline is deficient, then the Settlement Administrator shall mail a deficiency

11  letter to that Class Member identifying the problem. If a Class Member submits both a dispute and an

12  Opt Out request, the Settlement Administrator shall make reasonable attempts to clarify if the Opt Out

13  request were deficient. If the Class Member fails to cure the deficiency, the Opt Out request shall be

14  disregarded and the claim will be paid, and the Class Member will become bound by the judgment.

15   A request to Opt Out of the Class Settlement shall not serve to exclude the Class Member from

16  participation in the PAGA Settlement Class. Class Members who are also members of the PAGA

17  Settlement Class shall have no right or ability to opt out of the portion of this Settlement Agreement

18  releasing PAGA claims.

19   Class Participants will be bound by the Release of Released Claims set forth in the definition

20  of "Released Claims" provided in this Settlement Agreement.

21   **6.6.    OBJECTION PROCEDURE**

22   The Class Notice shall inform the Class Members of their right to object to the Class Settlement.

23  Any Class Member who wishes to object to the Class Settlement must submit a written objection to the

24  Settlement Administrator no later than the Response Deadline and must file with the Court, and serve

25  on all parties a written statement of objection. Only Class Participants may object to the Settlement.

26  The objection must include the case name and number and must set forth, in clear and concise terms,

27  a statement of the reasons why the objector believes that the Court should find that the proposed Class

28  Settlement is not in the best interest of the Settlement Class and the reasons why the Class Settlement

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

1  should not be approved, including the legal and factual arguments supporting the objection. If an
2  objector also wishes to appear at the Final Approval and Fairness Hearing, in person or through an
3  attorney, they must also file a notice of intention to appear at the same time as the objection is filed.

4      The Settlement Administrator will promptly serve copies of any objection or notice of intention
5  to appear on Class Counsel and Defense Counsel. Class Counsel shall lodge a copy of the objection
6  with the Court.  Unless otherwise ordered by the Court, Class Members shall not be entitled to appear
7  and/or object at the Final Approval Hearing and may not appeal the Final Judgment unless they have
8  submitted a timely written objection and notice of intention to appear pursuant to this subsection. Class
9  Members who have properly and timely submitted objections may appear at the Final Approval
10 Hearing, either in person or through a lawyer retained at their own expense.

11     In the event that the Court approves this Settlement notwithstanding the objections of any Class
12 Members, Class Members who object to the Settlement will nonetheless be bound by the Settlement.
13 Class Members who have opted out of the Settlement do not have standing to object to the Settlement
14 or to file an appeal.

15     **6.7.    NOTICE OF FINAL JUDGMENT**

16     Within ten (10) days after the Court has held a Final and Fairness Approval Hearing and entered
17 a final order certifying the Class for settlement purposes only and approving the Class Settlement, the
18 Settlement Administrator will give notice of judgment to Class Members pursuant to rule 3.771(b) of
19 the California Rules of Court, by posting a copy of said order and final judgment on its website at a
20 web address to be included in the Class Notice.

21 **7.    CLASS SETTLEMENT FUNDING AND DISTRIBUTION**

22     **7.1.    ALLOCATION OF THE GROSS SETTLEMENT AMOUNT**

23     The claims of all Class Members are settled for the Gross Settlement Amount of $2,400,000.00,
24 which will be allocated as follows:

25     1.    The Administrative Expenses, not to exceed $20,000;

26     2.    Class Counsel's attorney fees not to exceed $600,000.00;

27     3.    Class Counsel's litigation costs and expenses not to exceed $20,000.00;

28     4.    The Incentive Award, not to exceed $7,500.00; and

5.      PAGA Payment to LWDA of $18,000.00.

For purposes of calculating the estimated Individual Settlement Amounts, the Settlement Administrator shall calculate the estimated Net Settlement Amount based on the estimated values provided above prior to sending Notice to the Class Members. Prior to final distribution, the Settlement Administrator shall recalculate the final Net Settlement Amount based on the actual values of the amounts in each category.

**7.2.    CALCULATION OF THE INDIVIDUAL SETTLEMENT AMOUNTS FOR CLASS PARTICIPANTS**

Individual Settlement Amounts to be paid to Class Participants shall be paid from the Net Settlement Amount. The portion of the Net Settlement Amount shall be distributed pro rata on a "checks cashed" basis based on the proportional number of weeks worked by each Class Member during the Class Period.

The Settlement Administrator shall be solely and exclusively responsible for calculating the Individual Settlement Amounts for Class Participants. Defendant shall have no responsibility for deciding the validity of the Individual Settlement Amounts or any other payments made pursuant to this Settlement Agreement, shall have no involvement in or responsibility for the determination or payment of Employee's Taxes and Required Withholding, and shall have no liability for any errors made with respect to such Employee's Taxes and Required Withholding. Although the Settlement Administrator will calculate and pay the standard Employee's Taxes and Required Withholding on the portion of the Individual Settlement Amounts constituting wages on their behalf, Plaintiff and Class Participants represent and understand that they shall be solely responsible for any and all tax obligation associated with their respective Individual Settlement Amounts and Incentive Awards.

**7.3.    CALCULATION OF THE PAYMENTS FOR INDIVIDUAL MEMBERS OF THE PAGA SETTLEMENT CLASS**

Each member of the PAGA Settlement Class shall be entitled to receive a portion of the PAGA Payment. The PAGA Payment shall consist of the penalties pursuant to PAGA that the Parties have agreed is a reasonable sum to be paid in settlement of the PAGA claims included in the Action, which is $24,000.00. The PAGA Payment is to be approved by the Court pursuant to Labor Code section

2699 and is to be distributed as follows: seventy-five percent (75%) (i.e., $18,000.00) to the LWDA and twenty-five percent (25%) (i.e., $6,000.00) to the PAGA Settlement Class.

The Settlement Administrator shall be responsible for calculating the Individual PAGA Payments for the PAGA Settlement Class. The portion of the PAGA Payment allocated to the PAGA Settlement Class shall be distributed to the PAGA Settlement Class based on the pro rata number of pay periods worked by each particular PAGA Settlement Class member during the PAGA Period as a proportion of all pay periods worked by all PAGA Settlement Class members during the PAGA Period. Each member of the PAGA Settlement Class, including Plaintiff, shall be responsible for the payment of the Employee's Taxes and Required Withholding with respect to their share of the PAGA Payment and shall hold Defendant harmless from any and all liability with regard thereto.

Defendant shall have no responsibility for deciding the validity of the individual payment amounts allocated to each member of the PAGA Settlement Class or any other payments made pursuant to this Settlement Agreement, shall have no involvement in or responsibility for the determination or payment of Employee's Taxes and Required Withholding, and shall have no liability for any errors made with respect to such Employee's Taxes and Required Withholding.

The members of the PAGA Settlement Class shall be solely responsible for any and all tax obligation associated with their respective shares of the PAGA Payment.

**7.4.    TIME FOR PAYMENT OF ATTORNEY FEES AND EXPENSES**

The Settlement Administrator shall distribute to Class Counsel any attorney fees and expenses approved by the Court to Class Counsel no later than twenty (20) days after the Effective Date.

**7.5.    TIME FOR PAYMENT OF INCENTIVE AWARD**

The Settlement Administrator shall distribute to Plaintiff the Incentive Award approved by the Court no later than twenty (20) days after the Effective Date.

**7.6.    TIME FOR PAYMENT OF PAGA PAYMENT TO THE LWDA**

The Settlement Administrator shall distribute to the LWDA the portion of the PAGA Payment due to it and approved by the Court no later than twenty (20) days after the Effective Date.

**7.7.    TIME FOR PAYMENT OF TAXES AND REQUIRED WITHHOLDING AND INDIVIDUAL SETTLEMENT AMOUNTS**

The Settlement Administrator shall make every effort to pay the Employee's Taxes and Required Withholding associated with each Class Participant's Individual Settlement Amount and mail the Individual Settlement Amount to each Class Participant, by first-class United States mail, to the last-known address no later than twenty (20) days after the Effective Date. If the Settlement Administrator is not able to do so within the time period set forth above, it shall so inform Class Counsel and Defense Counsel and provide an approximate date by which the Employee's Taxes and Required Withholding shall be paid and the Individual Settlement Amounts will be mailed. Under no circumstances shall the Settlement Administrator distribute checks to Class Participants until all Individual Settlement Amounts have been considered, calculated, and accounted for, and all of the remaining monetary obligations have been calculated and accounted for.

Within one hundred twenty (120) days of mailing the Individual Settlement Amounts to Class Participants or as Ordered by the Court, the Settlement Administrator shall file with the Court and provide to Class Counsel a declaration of payment. In the event that any Class Participant is deceased, payment shall be made payable to the estate of that Class Member and delivered to the executor or administrator of that estate, unless the Settlement Administrator has received an affidavit or declaration pursuant to California Probate Code section 13101, in which case payment shall be made to the affiant(s) or declarant(s).

**7.8.    NON-CASHED SETTLEMENT CHECKS**

Any funds associated with checks that have not been cashed within one hundred eighty (180) days, will become void and the Individual Settlement Amount associated with the uncashed check will be distributed pursuant to Code of Civil Procedure section 384 (a *cy pres* to be agreed upon by the parties and approved by the Court). For the purposes of determining whether Defendant has met their financial obligation to pay the Individual Settlement Payment, Defendant will be deemed to have fulfilled its obligation upon the mailing of the check to the Class Member, regardless of whether such Class Member subsequently negotiates the check.

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

1        **7.9.**    **DISPUTES REGARDING CLASS MEMBER WORKWEEKS DATA OR**

2              **PAYMENT OF INDIVIDUAL SETTLEMENT SHARES**

3        Each Class Member may dispute the number of Workweeks or their estimated Individual

4 Settlement Amount contained on their Class Notice ("Workweeks Dispute"). Class Member

5 Workweeks and the corresponding Individual Settlement Amount shall be calculated using the

6 employment and payroll records of Defendant, which presumptively shall be deemed to be full,

7 complete, and accurate for purposes of this Settlement Agreement. To overcome that presumption, any

8 Class Member objecting to the accuracy of the number of Workweeks or amount of the Individual

9 Settlement Amount must submit documentary evidence, such as pay stubs or other written employment

10 records, to the Settlement Administrator.

11        Any Workweeks Dispute must be mailed or faxed to the Settlement Administrator by the Class

12 Member, postmarked or fax-stamped on or before the Response Deadline. The Settlement

13 Administrator shall immediately provide copies of all disputes to counsel for Defendant, shall inform

14 Class Counsel of the dispute without disclosing the identity of the Class Member making the dispute,

15 and shall immediately attempt to resolve all such disputes directly with relevant Class Members with

16 the assistance of Defendant, Defense Counsel, and Class Counsel. If the dispute cannot be resolved, it

17 shall be submitted to the Settlement Administrator for its final, non-appealable decision. The

18 Settlement Administrator shall use its best efforts to resolve all such disputes prior to the Effective

19 Date. If, however, a dispute arises or is not resolved until after the Settlement Amount has been

20 distributed, the initial calculation shall stand (as Defendant shall be under no obligation to pay any

21 amounts in excess of the Gross Settlement Amount under this Settlement Agreement).

22 **8.**     **NULLIFICATION OF THIS SETTLEMENT AGREEMENT**

23        **8.1.**    **NON-APPROVAL OF THIS SETTLEMENT AGREEMENT**

24        This Stipulation shall be considered null and void, all Parties to the Class Settlement shall stand

25 in the same position, without prejudice, as if the Class Settlement had been neither entered into nor

26 filed with the Court, and any order of judgment entered by the Court in furtherance of the settlement

27 shall be vitiated *nunc pro tunc*, if any of the following occurs: **(a)** the Court should for any reason fail

28 to approve this Settlement Agreement in the form agreed to by the Parties; **(b)** the Court does not enter

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

1   the Final Settlement Approval Order and Judgment as provided for herein or contemplated by this

2   Stipulation; , **(c)** the Court does not enter a Final Settlement Approval Order and Judgment as provided

3   for herein that becomes final as a result of the occurrence of the Effective Date; or (d) the Settlement

4   does not become final for any other reason.  Notwithstanding the foregoing, the Parties may attempt in

5   good faith to cure any perceived defects in this Settlement Agreement to facilitate approval.

6   **8.2.    PARTIES' RIGHTS TO VOID CLASS SETTLEMENT; ESCALATOR**

7   **PROVISION**

8   If 25 or more members of the Settlement Class timely submit Opt Out requests, Defendant shall

9   have the right (but not the obligation) to void this Settlement Agreement, in which case this Stipulation

10  will not have any force and/or effect. Class Counsel and Plaintiff agree not to oppose any application

11  by Defendant and/or its Counsel that is consistent with this paragraph. The Parties and their counsel

12  agree not to take any action to encourage any Class Members to opt out of and/or object to the

13  Settlement Agreement.

14  If the Settlement is voided, no payment will be made by Defendant to Plaintiff, any Class

15  Member, or Class Counsel; and all Parties and third parties referenced in this Stipulation will bear their

16  own costs, fees, and expenses associated with the Litigation.

17  If the number of workweeks worked by the Class Members during the Class Period is ultimately

18  determined by the Settlement Administrator to be greater than 100,535 workweeks, then the Gross

19  Settlement Amount shall be increased proportionately for each additional week worked

20  **8.3.    STAY ON APPEAL**

21  If an appeal is filed from the Court's Final Settlement Approval Order and Judgment prior to

22  the Effective Date, administration of the Settlement shall be immediately stayed pending final

23  resolution of the appeal process.

24  In the event of a timely appeal from the approval of the Class Settlement and judgment prior to

25  the Effective Date, the judgment and administration of the Settlement shall be immediately stayed

26  pending final resolution of the appeal process.

27

28

**9.    MOTIONS FOR COURT APPROVAL**

    **9.1.    PRELIMINARY APPROVAL**

As soon as practicable after execution of this Settlement Agreement, Class Counsel will submit this Settlement Agreement to the Court along with a Motion for Preliminary Approval of the Class Settlement, and shall apply to the Court for the entry of an order substantially in the following form:

a)    Scheduling a fairness hearing on the question of whether the proposed Settlement – including payment of attorneys' fees, attorneys' costs, appointment of the Class Representative and the amount of her enhancement award, and the method of determining Individual Settlement Amounts to be paid to Class Participants, should be finally approved as fair, reasonable, and adequate as to the Class;

b)    Approving as to form and content the proposed Class Notice and Share Form (attached as Exhibit 1 and Exhibit 2, respectively);

c)    Directing the mailing to Class Members of the Notice, by first class U.S. Mail, pursuant to the terms specified herein;

d)    Preliminarily approving the Settlement, subject only to the objections of Class Members and final review by the Court; and

e)    Enjoining the Class Representative and all Class Members from filing or prosecuting any claims, suits, or administrative proceedings (including filing claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement unless such individuals have submitted valid Requests for Exclusion to the Administrator.

Each party shall cooperate to present the Class Settlement to the Court for preliminary approval in a timely fashion. While Defendant can reserve its right to object to facts or assertions made in the moving papers, Defense Counsel shall file a notice of non-opposition to the granting of the motion for preliminary approval or join in the motion.

To the extent the Court does not approve this Stipulation, or any term contained herein, and instead allows the Parties to amend this Stipulation, the Parties agree to cooperate in good faith to amend the Stipulation in accordance with the Court's direction, and to retain all other terms of the Stipulation that the Court approves.

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

**9.2.    FINAL APPROVAL**

Class Counsel shall timely prepare Final Settlement Papers in conformance with the terms of this Stipulation, including: (1) motion for final approval of the Settlement and award of attorneys' fees and costs and enhancement award (2) the [Proposed] Final Settlement Order; and (3) any other documents, petitions, or motions required to effectuate this Settlement – including, but not limited to, any additional proposed orders requested by the Court. Class Counsel shall provide copies of such documents to Defendant's counsel at least three (3) days before filing for comment, though Class Counsel is not required to obtain Defendant's approval before filing.

The Final Approval and Fairness Hearing shall be held before the Court. At the Final Approval and Fairness Hearing, Plaintiff shall move the Court for the entry of the final order certifying the Settlement Class for settlement purposes only and approving the Class Settlement as being fair, reasonable, and adequate to the Class Participants within the meaning of California Rules of Court, Rule 3.769, subdivisions (c), (d) and (e), and for the entry of a final judgment of the Action consistent with the terms of the Class Settlement and rule 3.769, subdivision (h), of the California Rules of Court. Class Counsel and Defense Counsel shall submit to the Court such pleadings and/or evidence as may be required for the Court's determination.

**10.    <u>RELEASES AND WAIVERS</u>**

**10.1.    RELEASE OF CLAIMS BY PLAINTIFF AND SETTLEMENT CLASS**

Upon the Effective Date, Plaintiff and the Releasing Parties shall be deemed to each release the Released Parties, and each of them, of and from any and all Released Claims arising during the Class Period. It is the desire of the Parties and the Releasing Parties to fully, finally, and forever settle, compromise, and discharge the Released Claims. Each of the Releasing Parties, including each Class Participant, will be bound by the release of Released Claims as a result of the Class Settlement and to the terms of the final judgment and the satisfaction of such judgment.

Class Participants will be deemed to have acknowledged and agreed that their claims for wages and/or penalties in the Action are disputed, and that their Individual Settlement Amount constitutes payment of all sums allegedly due to them. Class Participants will be deemed to have acknowledged

and agreed that California Labor Code section 206.5 is not applicable to the Individual Settlement Amount. That section provides in pertinent part as follows:

> "An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made."

**10.2.  GENERAL RELEASE OF CLAIMS BY PLAINTIFF**

In addition to the release set forth in Paragraph 10.1 above, Plaintiff, on behalf of herself and her dependents, heirs and assigns, beneficiaries, devisees, legatees, executors, administrators, agents, trustees, conservators, guardians, personal representatives, and successors-in-interest, whether individual, class, representative, legal, equitable, direct or indirect, or any other type or in any other capacity, shall and does hereby forever release, discharge and agree to hold harmless the Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney fees and costs), known or unknown, at law or in equity, which she may now have or may have after the signing of this Settlement Agreement, arising out of or in any way connected with her employment with Defendant including, the Released Claims, claims that were asserted or could have been asserted in the Complaint, and any and all transactions, occurrences, or matters between the Parties occurring prior to the date this Settlement Agreement is fully executed. Without limiting the generality of the foregoing, this release shall include, but not be limited to, any and all claims under: **(a)** the Americans with Disabilities Act; **(b)** Title VII of the Civil Rights Act of 1964; **(c)** the Civil Rights Act of 1991; **(d)** 42 U.S.C. § 1981; **(e)** the Age Discrimination in Employment Act; **(f)** the Fair Labor Standards Act; **(g)** the Equal Pay Act; **(h)** the Employee Retirement Income Security Act, as amended; **(i)** the Consolidated Omnibus Budget Reconciliation Act; **(j)** the Rehabilitation Act of 1973; **(k)** the Family and Medical Leave Act; **(l)** the Civil Rights Act of 1966; **(m)** the California Fair Employment and Housing Act; **(n)** the California Constitution; **(o)** the California Labor Code; **(p)** the California Government Code; **(q)** the California Civil Code; and **(r)** any and all other federal, state, and local statutes, ordinances, regulations, rules, and other laws, and any

1   and all claims based on constitutional, statutory, common law, or regulatory grounds as well as any

2   other claims based on theories of wrongful or constructive discharge, breach of contract or implied

3   contract, fraud, misrepresentation, promissory estoppel, or intentional infliction of emotional distress,

4   negligent infliction of emotional distress, or damages under any other federal, state, or local statutes,

5   ordinances, regulations, rules, or laws. This release is for any and all relief, no matter how denominated,

6   including, but not limited to, back pay, front pay, vacation pay, bonuses, compensatory damages,

7   tortious damages, liquidated damages, punitive damages, damages for pain and suffering, and attorney

8   fees and costs, and Plaintiff hereby forever releases, discharges and agrees to hold harmless Defendant

9   and the Released Parties from any and all claims for attorney fees and costs arising out of the matters

10  released in this Settlement Agreement.

11          Plaintiff specifically acknowledges that she is aware of and familiar with the provisions of

12  California Civil Code section 1542, which provides as follows:

13          "A general release does not extend to claims that the creditor or releasing party does not

14          know or suspect to exist in his or her favor at the time of executing the release and that,

15          if known by him or her, would have materially affected his or her settlement with the

16          debtor or released party."

17

18          Plaintiff, being aware of California Civil Code section 1542, hereby expressly waives and

19  relinquishes all rights and benefits she may have under section 1542 as well as any other statutes or

20  common law principles of a similar effect. Plaintiff may hereafter discover facts in addition to or

21  different from those which she now knows or believes to be true with respect to the subject matter of

22  all the claims referenced herein, but agrees that, upon the Effective Date, Plaintiff shall and hereby

23  does fully, finally, and forever settle and release any and all claims against the Released Parties, known

24  or unknown, suspected or unsuspected, contingent or non-contingent, that were asserted or could have

25  been asserted upon any theory of law or equity without regard to the subsequent discovery of existence

26  of such different or additional facts. Plaintiff's general release shall extend up to the Final Order and

27  Judgment. Plaintiff represents and acknowledges that as of the date of execution of this Agreement she

28  is under 40 years of age.

### 10.3.  CIRCULAR 230 DISCLAIMER

Each party to this Settlement Agreement (for purposes of this section, the "Acknowledging Party"; and each party to this Agreement other than the Acknowledging Party, an "Other Party") acknowledges and agrees that **(1)** no provision of this Settlement Agreement, and no written communication or disclosure between or among the parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 C.F.R. Part 10); **(2)** the Acknowledging Party **(a)** has relied exclusively upon her or its own independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, **(b)** has not entered into this Settlement Agreement based upon the recommendation of any other party or any attorney or advisor to any other party, and **(c)** is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the Acknowledging Party; and **(3)** no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the Acknowledging Party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.

## 11.  **DUTIES OF THE PARTIES**

### 11.1.  MUTUAL FULL COOPERATION

The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Settlement Agreement. Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other actions as may reasonably be necessary to fulfill the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by court order or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel, with the cooperation of Defendant and Defense Counsel, shall take all necessary and reasonable steps to secure the Court's final approval of this Settlement Agreement.

**11.2.   DUTY TO SUPPORT AND DEFEND THE CLASS SETTLEMENT**

The Parties agree to abide by all of the terms of this Settlement Agreement in good faith and to support the Class Settlement fully and to use their best efforts to defend this Class Settlement from any legal challenge, whether by appeal or collateral attack.

**12.   MISCELLANEOUS PROVISIONS**

**12.1.   ENFORCEMENT**

Notwithstanding anything else contained herein, this Settlement Agreement shall be enforceable under California Code of Civil Procedure section 664.6 and admissible under California Evidence Code section 1123, subdivision (a), and the Federal Rules of Evidence.

**12.2.   DIFFERENT FACTS**

The Parties acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute and all claims released by the terms of this Settlement Agreement may turn out to be different from the facts now known by each party and/or its counsel, or believed by such Party or counsel to be true, and each Party therefore expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this Settlement Agreement shall be in all respects effective and binding despite such difference.

**12.3.   NO PRIOR ASSIGNMENTS**

The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right herein released and discharged except as set forth herein.

**12.4.   NON-ADMISSION**

Nothing contained herein is to be construed or deemed to be an admission of liability or wrongdoing by Defendant.  This Stipulation and the attached exhibits are settlement documents, and, pursuant to California Evidence Code section 1152, these documents shall be inadmissible in any proceeding except in an action or proceeding to approve, interpret, or enforce this Stipulation..

**12.5.    NON-EVIDENTIARY USE**

Neither this Agreement nor any of its terms, nor any statements or conduct in the negotiation or drafting of it, shall be offered or used as evidence by Plaintiff, any Class Member (including any individual who requested to be excluded from the Settlement Class), Defendant, or its, her, his, or their respective counsel, in the Action, except as is reasonably necessary to effectuate the Settlement Agreement's purpose and terms. This Settlement Agreement may, however, be used by Defendant and the Released Parties to prove or defend against any claim released herein by any Class Member in any judicial, quasi-judicial, administrative, or governmental proceeding.

**12.6.    MEDIA OR PRESS**

Plaintiff and Defendant, and their respective counsel, recognize, accept, and agree that the Parties to this Settlement Agreement desire that the terms of this Settlement Agreement, the fact of the Class Settlement embodied in this Settlement Agreement, the disposition of the Action, the Action, and all matters relating to the litigation of the Action, including discovery proceedings therein, and evidence obtained during the course of the Action, shall not be discussed with, publicized, or presented to the media or press. The Parties and their counsel shall not issue press releases, communicate with, or respond to any media or publication entities, publish information in manner or form, whether printed or electronic, on any medium or otherwise communicate, whether by print, video, recording or any other medium, with any person or entity concerning the Settlement Agreement, including the fact of the Settlement Agreement, its terms or contents and the negotiations underlying the Settlement Agreement, except as shall be contractually required to effectuate the terms of the Settlement Agreement. However, for the limited purpose of allowing Class Counsel to prove adequacy as class counsel in other actions, Class Counsel may disclose a brief description of the case and the fact of settlement.  In response to any inquiries, including those from media outlets, concerning the settlement, the Parties and their respective counsel agree that they shall simply respond by stating, "the matter has resolved."

**12.7.    NON-RETALIATION**

Defendant understands and acknowledges that it has a legal obligation to not retaliate against any Class Member who elects to participate in the Class Settlement or elects to Opt Out of the Class

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

Settlement. Defendant will refer any inquiries regarding this Class Settlement to the Settlement Administrator or Class Counsel and will not discourage Class Members who are employees, directly or indirectly, from making claims, opting out, or objecting to the Class Settlement. None of the Parties, or their respective attorneys or agents, shall solicit or encourage any Class Members, directly or indirectly, to Opt Out of the Class Settlement.

## 12.8. CONSTRUCTION

The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arms-length, non-collusive negotiations between the Parties and that this Settlement Agreement is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Settlement Agreement. If any of the dates in this Settlement Agreement fall on a weekend, bank or court holiday, the time to act shall be extended to the next business day.

## 12.9. GOVERNING LAW

This Settlement Agreement is intended to and shall be governed by the laws of the State of California, without regard to conflict of law principles, in all respects, including execution, interpretation, performance, and enforcement.

## 12.10. NOTICES

Except for Class Member notices required to be made by the Settlement Administrator, all notices or other communications required or permitted under this Settlement Agreement shall be in writing and shall be sufficiently given if delivered in person to the party or their counsel by U.S. certified mail, postage prepaid, e-mail, facsimile, or overnight delivery addressed to the address of the party appearing in this Settlement Agreement.

## 12.11. CAPTIONS AND INTERPRETATIONS

Section titles or captions contained herein are inserted as a matter of convenience and for reference only and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision thereof.

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

### 12.12. MODIFICATION

This Settlement Agreement may not be changed, altered, or modified, except in writing signed by the Parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

### 12.13. INTEGRATION CLAUSE

This Settlement Agreement contains the entire agreement between the Parties relating to the Class Settlement of the Action and the transactions contemplated thereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are hereby superseded. No rights under this Settlement Agreement may be waived except in writing as provided above.

### 12.14. SUCCESSORS AND ASSIGNS

This Settlement Agreement shall be binding on and inure to the benefit of the Parties and Class Members (excluding only persons who timely Opt Out) and their respective present and former heirs, trustees, executors, administrators, representatives, officers, directors, shareholders, agents, employees, insurers, attorneys, accountants, auditors, advisors, consultants, pension plans, welfare benefit plans, fiduciaries, parent companies, subsidiaries, affiliates, related companies, joint ventures, predecessors, successors, and assigns.

### 12.15. CORPORATE SIGNATORIES

Any person executing this Settlement Agreement or any such related document on behalf of a corporate signatory or on behalf of a partnership hereby warrants and promises, for the benefit of all Parties hereto, that such person has been duly authorized by such corporation or partnership to execute this Settlement Agreement or any such related document.

### 12.16. EXECUTION IN COUNTERPARTS

This Settlement Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Settlement Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all Settling Parties had signed the same instrument.

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

**12.17.  ATTORNEY FEES, COSTS, AND EXPENSES**

Except as otherwise specifically provided for herein, each party shall bear her or its own attorney fees, costs, and expenses, taxable or otherwise, incurred by them in or arising out of the Action and shall not seek reimbursement thereof from any other party to this Settlement Agreement.

**12.18.  ACTION TO ENFORCE AGREEMENT**

In the event that any of the Parties to this Stipulation institutes any legal action, arbitration, or other proceeding against any of the other Parties to enforce the provisions of this Stipulation or to declare rights or obligations under this Stipulation, the prevailing party shall be entitled to recover her or its attorney fees and costs incurred in connection with any such enforcement proceedings.

13.19   JURISDICTION OF THE COURT

The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith.

13.19   EXHIBITS INCORPORATED BY REFERENCE

The terms of this Stipulation include the terms set forth in any attached Exhibit, which are incorporated by this reference as though fully set forth herein.  Any Exhibit to this Stipulation is an integral part of the Settlement.

13.20   INTERIM STAY OF PROCEEDINGS

The Parties agree to refrain from further litigation in the Action, except such proceedings necessary to implement and obtain an Order granting Final Approval of the terms of the Settlement. The Parties further agree that the mutual, voluntary cessation of litigation shall terminate either as of the Effective Date or the date upon which this Settlement has been denied by the Court and all subsequent attempts to cure deficiencies have ended.

13.21   BINDING AGREEMENT

The Parties intend that this Settlement shall be fully enforceable and binding on all Parties, and that it shall be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

**13.    EXECUTION**

The Parties and their counsel have executed this Settlement Agreement on the date below their signatures or the signature of their representatives. The date of this Settlement Agreement shall be the date of the latest signature.

<u>**APPROVAL AND EXECUTION BY PARTIES**</u>

**CLASS REPRESENTATIVES:**

Dated: 8/27/2021 | 11:11 AM PDT

Mieshia Marie Jackson
Plaintiff and Class Representative

**DEFENDANT:**

Dated: _____    **Fastenal Company**

By:    _____

Title:    _____

<u>**APPROVED AS TO FORM BY COUNSEL**</u>

**CLASS COUNSEL:**

Dated: 8/27/2021 | 10:39 AM PDT    **Ackermann & Tilajef, P.C.**

Craig J. Ackermann
Attorneys for Plaintiffs

41

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

1    The Parties intend that this Settlement shall be fully enforceable and binding on all Parties, and

2    that it shall be admissible and subject to disclosure in any proceeding to enforce its terms,

3    notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or

4    state law.

5    **13.    <u>EXECUTION</u>**

6    The Parties and their counsel have executed this Settlement Agreement on the date below their

7    signatures or the signature of their representatives. The date of this Settlement Agreement shall be the

8    date of the latest signature.

9    <b><u>APPROVAL AND EXECUTION BY PARTIES</u></b>

10   **CLASS REPRESENTATIVES:**

11

12   Dated: _____

        _____

13       Mieshia Marie Jackson
         Plaintiff and Class Representative

14

15   **DEFENDANT:**

16   Dated: ___August 27, 2021___          **Fastenal Company**

17

18                                         *Aaron Garms*
                                           _____

19                                         By:    ___Aaron K. Garms___

20                                         Title:    _Corporate General Counsel_

21

22

23   <b><u>APPROVED AS TO FORM BY COUNSEL</u></b>

24   **CLASS COUNSEL:**

25

26

27

28

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

Dated: 8/27/2021 | 11:05 AM PDT
             **Melmed Law Group P.C.**

             *Jonathan Melmed*
             Jonathan Melmed
             Attorneys for Plaintiffs

**DEFENDANT'S COUNSEL:**

Dated: _____
             **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**

             _____
             Evan R. Moses
             Melis Atalay
             Attorneys for Defendant

                      48093508.1

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

1   Dated: _____          **Ackermann & Tilajef, P.C.**

2

3                                      _____
                                       Craig J. Ackermann
4                                      Attorneys for Plaintiffs

5   Dated: _____          **Melmed Law Group P.C.**

6

7                                      _____
                                       Jonathan Melmed
8                                      Attorneys for Plaintiffs

9

10  **DEFENDANT'S COUNSEL:**

11

12  Dated: ___*8/28/21*___             **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**

13

14                                     _____
                                       Evan R. Moses
15                                     Melis Atalay
                                       Attorneys for Defendant
16

17                                                              48093508.1

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE: CLASS ACTION SETTLEMENT

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIESHIA MARIE JACKSON, an individual, on behalf of herself, the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>     Plaintiff<br><br>  v.<br><br>FASTENAL COMPANY, a Minnesota Corporation; and DOES 1 TO 20, ,<br><br>     Defendants. | CASE NO.: 1:20-cv-00345-NONE-SAB<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING DATE FOR COURT APPROVAL**<br><br><br><br>Complaint Filed: January 21, 2020<br>Removal Date: March 4, 2020 |

**TO:** All hourly non-exempt individuals who are or were employed by Defendant in California at any point from January 21, 2016 through July 16, 2021 ("Class Members").

## YOU ARE ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT.  PLEASE READ THIS NOTICE CAREFULLY.

The settlement involves claims against Fastenal Company ("Defendant" or "Fastenal") alleging: (1) failure to pay all wages due; (2) failure to provide proper meal periods or proper meal premiums; 3) failure to provide proper rest breaks or rest premiums; (4) failure to reimburse business expenses; (5) failure to provide proper wage statements; (6) failure to timely pay all wages due or waiting time penalties; (7) derivative Unfair Competition Law ("UCL") violations; and (8) Private Attorneys General Act ("PAGA") and other penalties based on the foregoing.

**NO ACTION NEEDS TO BE TAKEN TO RECEIVE MONEY UNDER THE SETTLEMENT:**  If you are a Class Member (as defined above) and received this Notice, you are automatically included in the Settlement and do not need to take any further action to receive a payment.  If you accept your settlement amount, you will release the claims described in Section V below.

| | |
|---|---|
| **I.** | **INTRODUCTION** |

This "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING DATE FOR COURT APPROVAL" ("NOTICE") is to inform you that Defendant has agreed to settle a class action lawsuit on behalf of all Class Members which claimed, among other things, that Defendant violated various California wage and hour laws by failing to pay all wages due, failing to provide proper meal periods or proper meal premiums, failing to provide proper reset breaks or rest premiums, failing to reimburse for business expenses, failing to provide proper wage statements, failing to timely pay all wages when due or waiting

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

time penalties, violating California Labor Code provisions forming the basis for a PAGA claim, and violating Section 17200 with respect to its non-exempt employees at any time during the period from January 21, 2016 through July 16, 2021 (the "Class Period").

The Court has granted preliminary approval of the Settlement and the Court ordered this Notice be sent to you because you may be entitled to money under the Settlement and because the Settlement affects your legal rights.

| II. | DESCRIPTION OF THE LAWSUIT |
|---|---|

On January 21, 2020, Plaintiff Mieshia Marie Jackson filed a class action and representative action lawsuit against Defendant on behalf of the Class Members, in the matter of *Mieshia Marie Jackson v. Fastenal Company* in the Stanislaus County Superior Court.  The operative Complaint ("Complaint") alleges the following Causes of Action: (1) failure to pay overtime wages; (2) failure to provide compliant rest breaks and/or pay  missed rest break premiums; (3) failure to provide compliant meal periods and/or pay missed meal period premiums; (4) failure to reimburse business expenses; (5) failure to provide complete and accurate wage statements; (6) waiting time penalties; (7) derivative UCL violations; and (8) PAGA and other penalties based on the foregoing. On March 4, 2020, Defendant removed the case to the United States District Court, Eastern District of California, Case No. 1:20-cv-00345-NONE-SAB.

**Defendant has denied liability, has denied the allegations in the Complaint, and has raised various defenses to these claims**.  Defendant contends, among other things, that it fully complied with California wage and hour laws, provided all wages owed, provided off-duty, compliant meal and rest breaks, maintained accurate payroll records, reimbursed all business expenses incurred and provided accurate itemized wage statements. Defendant also contends that its non-exempt employees have been dealt with legally and fairly. Defendant wishes to settle this case to avoid costly, disruptive, and time-consuming litigation and does not admit to any wrongdoing or liability.

The Court has not ruled on the merits of Plaintiff's claims.  By approving the Settlement and issuing this Notice, the Court is not suggesting which side would win or lose this case if it went to trial. However, to avoid additional expense, inconvenience, and risks of continued litigation, Defendant and Plaintiff have concluded that it is in their respective best interests and the interests of the Class Members to settle the Action on the terms summarized in this Notice. After Defendant provided extensive discovery and information to counsel for the Class Members, the Settlement was reached after arms-length non-collusive negotiations between the parties, including mediation with a highly respected California mediator.  In these negotiations, both sides recognized the substantial risk of the Court deciding against them at trial and determined that the Settlement was a fair, reasonable and adequate way to resolve the disputed claims.

The Plaintiff and Class Counsel support this Settlement.  Among the reasons for support are the defenses to liability potentially available to Defendant, the risk of denial of class certification, the inherent risk of trial on the merits, and the delays and uncertainties associated with litigation.

Under this settlement, the following settlement class will be certified under California law:

> **All hourly non-exempt individuals who are or were employed by Defendant in California at any point from January 21, 2016 through July 16, 2021.**

Plaintiff Mieshia Marie Jackson and her counsel, Craig Ackermann, Esq. and Jonathan Melmed, Esq.

("Class Counsel"), believe that the settlement described below is fair, adequate, reasonable and in the best interests of Plaintiff and the Class.

On [*insert date of preliminary approval*], the Court preliminarily approved the settlement and conditionally certified the settlement class. This Notice is being sent to you because Defendant's records indicate that you were employed by Defendant in California during the Class Period.

**California law strictly prohibits retaliation.** Further, Defendant is prohibited by law from taking any adverse action against or otherwise targeting, retaliating, or discriminating against any Class Member because of the Class Member's participation or decision not to participate in this Settlement.

| III. | TERMS OF THE SETTLEMENT |
|------|--------------------------|

Defendants have agreed to pay $2,400,000.00 (the "Settlement Amount") to resolve claims in the Complaint, including claims for unpaid wages, meal break violations, meal break premiums, rest break violations, rest break premiums, unreimbursed business expenses, waiting time penalties, wage statement claims, UCL violations, and PAGA Penalties, including the claims of the Plaintiff and the settlement class members against Released Parties under Labor Code sections 201, 202, 203, 204, 210, 226, 226.2, 226.3, 226.7, 246, 510, 512, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, Section 3, 11, and 12 of IWC Wage Order Nos. 9-201 and/or 7-2001; Unfair Competition Law (UCL) violations pursuant to Cal. Bus. & Prof. Code §17200 based on the foregoing; civil penalties based on the foregoing under California's Private Attorney Generals Act ("PAGA") (Labor Code §§ 2698-2699.5). In addition, Plaintiff will provide a general release to the Released Parties, which shall be mutual, along with a mutual Section 1542 waiver.

The Parties agreed to the following payments from the Settlement Amount:

<u>Settlement Administration Costs</u>.  The Court has approved [INSERT SETTLEMENT ADMINISTRATOR] to act as the "Settlement Administrator," who is sending this Notice to you and will perform many other duties relating to the Settlement.  Under the Settlement, up to $20,000.00 will be paid from the Settlement Amount to pay the Settlement Administration Costs.

<u>Attorneys' Fees and Expenses</u>. Class Counsel – which includes attorneys from two separate law firms – have been prosecuting the Lawsuit on behalf of the Class Members on a contingency fee basis (that is, without being paid any money to date) and have been paying all litigation costs and expenses. To date, the parties have aggressively litigated many aspects of the case including settlement efforts and a mediation session.  The Court will determine the actual amount awarded to Class Counsel as attorneys' fees, which will be paid from the Settlement Amount.  Class Members are not personally responsible for any of Class Counsel's attorneys' fees or expenses. Class Counsel will collectively ask for fees of twenty-five percent (25%) (*i.e.*, $600,000.00) of the Settlement Amount as reasonable compensation for the work Class Counsel performed and will continue to perform in this Lawsuit.  Class Counsel also will ask for reimbursement of up to $20,000.00 for the costs Class Counsel incurred in connection with the Lawsuit. Any attorney's fees awarded by the Court will be split evenly between Class Counsel.

<u>Service Payment to Named Plaintiff and Class Representative</u>. Class Counsel will ask the Court to award Named Plaintiff and Class Representative Mieshia Marie Jackson a service payment in the amount of $7,500.00 to compensate her for her service and extra work provided on behalf of the Class Members.  The Class Representative also may receive a share of the Settlement as a Class Member.

PAGA Payment. The Parties have agreed a reasonable sum to be paid in settlement of the PAGA claims included in the Action is $24,000.00. The PAGA Payment is to be approved by the Court pursuant to Labor Code section 2699 and is to be distributed as follows: seventy-five percent (75%) to the LWDA and twenty-five percent (25%) to the PAGA Settlement Class. "PAGA Settlement Class" shall mean all individuals who are or were employed as hourly, nonexempt, employees employed by Defendant in California during the PAGA Period defined as the period from December 2, 2018 through July 16, 2021. Class Counsel shall give timely notice of the Class Settlement to the LWDA under Labor Code section 2699(l)(2).

Net Settlement Amount. After deducting the amounts above, the balance of the Settlement Amount will form the Net Settlement Amount for distribution to the Class Members.

You can view the Settlement Agreement and other Court documents related to this case by visiting [insert website]

## IV.    YOUR INDIVIDUAL SHARE OF THE SETTLEMENT AMOUNT

The Individual Settlement Amount for each Class Participant (a Class Member that does not opt-out of the Settlement) will be distributed pro rata on a "checks cashed" basis based on the proportional number of weeks worked by each Class Member during the Class Period. If any Class Member opts-out of the Settlement, his/her share will be distributed to Class Participants. 20% of each Individual Settlement Amount shall constitute wages in the form of back pay (and each Class Participant will be issued a IRS Form W-2 for such payment to him or her) and 80% of each Individual Settlement Amount shall constitute penalties, premiums, and other non-wage payments (and each Class Participant will be issued an IRS Form 1099 for such payment to him or her). Defendant, or its proxies, shall take all usual and customary deductions from the Settlement payments that are distributed as wages, including, but not limited to, state and federal tax withholding, disability premiums, and unemployment insurance premiums. Class Participants are responsible for the proper income tax treatment of the Settlement Awards. The Settlement Administrator, Defendant and its counsel, and Class Counsel cannot provide tax advice. Accordingly, Class Members should consult with their tax advisors concerning the tax consequences and treatment of payments they receive under the Settlement.

The portion of the PAGA Payment allocated to the PAGA Settlement Class shall be distributed to the PAGA Settlement Class based on the pro rata number of pay periods worked by each particular PAGA Settlement Class member during the PAGA Period as a proportion of all pay periods worked by all PAGA Settlement Class members during the PAGA Period. The PAGA Payment shall constitute penalties and each PAGA Settlement Class member will be issued an IRS Form 1099 for such payment to him or her. PAGA Settlement Class members have no right or ability to opt out of the portion of the settlement releasing PAGA claims and will receive their pro rata share of the PAGA Payment

The workweeks you worked as a non-exempt employee for Defendant during the Class Period and the pay periods you worked as a non-exempt employee for Defendant during the PAGA Period will be calculated based on Defendant's records. If you feel that you were not credited with the correct number of workweeks and/or pay periods worked during the Class Period or PAGA Period, you may submit evidence to the Settlement Administrator on or before [*insert date*] with documentation to establish the number of work weeks you claim to have actually worked during the Class Period. **DOCUMENTATION SENT TO THE SETTLEMENT ADMINISTRATOR WILL NOT BE RETURNED OR PRESERVED; DO NOT SEND ORIGINALS.** The Parties and Settlement Administrator will promptly evaluate the evidence submitted and discuss in good faith how many workweeks or pay periods should be credited. The Settlement

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

Administrator will make the final decision as to how many weeks or pay periods are credited, and report the outcome to the Class Participant. If you are unsatisfied with the decision, you may submit an Objection, as discussed below.

Settlement checks will be mailed to all Class Members who do not request to be excluded (i.e., opt-out) approximately 20 days after the Effective Date. You can view the final approval order and final judgment and payment schedule at [insert website]

## V.    THE RELEASE OF CLAIMS

If the Court approves the Settlement, the Court will enter judgment and the Settlement Agreement will bind all members of the Settlement Class who have not opted out of the Settlement, and will bar all Class Members from bringing certain claims against Defendant as described below.

The settlement includes a release by Class Members (other than those who submitted a timely request to be excluded) of Defendant and all of Defendant's current or former parent companies, partnerships, joint ventures, and/or staffing agencies, and, with respect to each of them, all of their and/or such related entities' predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, partners, principals, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, though, under, or in concert with any of the persons or entities listed in this subsection, and their successors from all claims, demands, suits, debts, obligations, damages, liabilities and causes of action alleged in the operative Complaint, and all claims, demands, suits, debts, obligations, damages, liabilities, or causes of action which could have been alleged based on the facts and legal theories alleged in the Complaint, including: claims for failure to pay all wages due, failure to provide proper meal periods or proper meal premiums, failure to provide proper rest breaks or rest premiums, failure to reimburse for business expenses, failure to provide proper wage statements, failure to timely pay all wages when due or waiting time penalties; claims under California Labor Code §§ 201, 202, 203, 204, 210, 226, 226.2, 226.3, 226.7, 246, 510, 512, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, Section 3, 11, and 12 of IWC Wage Order Nos. 9-2001 and/or 7-2001; Unfair Competition Law (UCL) violations pursuant to Cal. Bus. & Prof. Code §17200 based on the foregoing; civil penalties based on the foregoing under California's Private Attorney Generals Act ("PAGA") (Labor Code §§ 2698-2699.5); and all damages, penalties, interest and other amounts recoverable under said causes of action under California and federal law, to the extent permissible, including but not limited to the California Labor Code as to the facts alleged in the Action, the applicable Wage Orders as to the facts alleged in the proposed complaint, and the California Unfair Competition Law.

The Settlement does not release any person, party or entity from claims, if any, by Class Members, except for Named Plaintiff and Class Representative Mieshia Marie Jackson, for workers compensation, unemployment, or disability benefits of any nature, nor does it release any claims, actions, or causes of action which may be possessed by Settlement Class Members under state or federal discrimination statutes, including, without limitation, the Cal. Fair Employment and Housing Act, the Cal. Government Code § 12940, et seq.; the Unruh Civil Rights Act, the Cal. Civil Code §51, et seq.; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq.; the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq.; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.; and all of their implementing regulations and interpretive guidelines.

Class Members who do not opt out will be deemed to have acknowledged and agreed that their claims for

wages, premiums, reimbursement and/or penalties in the Lawsuit are disputed, and that the Settlement payments constitute payment of all sums allegedly due to them.  Class Members will be deemed to have acknowledged and agreed that California Labor Code Section 206.5 is not applicable to the Settlement payments.  That section provides in pertinent part as follows:

> **"An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made."**

## VI.    WHAT ARE YOUR OPTIONS?

### A.    Do Nothing and Receive Your Portion of the Settlement

You are automatically included as a Class Participant and will receive a settlement payment and do not have to take any further action to receive your settlement payment.  It is the responsibility of all Class Members to ensure that the Settlement Administrator has your current address on file, or you may not receive important information or a settlement payment.  The estimated amount of your settlement payment if you do nothing is included on the attached Share Form.

### B.    Opt-Out and Be Excluded from the Class and the Settlement

If you **do not** wish to take part in the Settlement, you may exclude yourself (i.e., opt-out) by sending to the Settlement Administrator a "Request for Exclusion from the Class Action Settlement" letter/card postmarked no later than [*insert date*], with your name, address, telephone number, and signature.  The Request for Exclusion should state something to the effect of:

"I WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN THE *MIESHIA MARIE JACKSON V. FASTENAL COMPANY* LAWSUIT. I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE CLASS SETTLEMENT OF THIS LAWSUIT AND WILL NOT BE RELEASING ANY CLAIMS I MIGHT HAVE."

Send the Request for Exclusion directly to the Settlement Administrator at the following address **by no later than [Insert opt-out date]**:

[Insert ADDRESS]

Any person who submits a timely Request for Exclusion from the Class Action Settlement shall, upon receipt, no longer be a Class Member, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement (except for his or her portion of the PAGA Payment, if applicable).  If you want confirmation of receipt of your Opt-Out, please send it by U.S. certified mail, return receipt requested and/or contact the Settlement Administrator.

### C.    Object to the Settlement

You also have the right to object to the terms of the Settlement. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement. Any Class Member who wishes to object to the Class Settlement must submit a written objection to the Settlement Administrator [Insert ADDRESS], **by no later than [Insert deadline]** and must file with the Court, and serve on all parties a written statement of objection. The objection must include the case name and number and must set forth, in clear and concise terms, a statement of the reasons why the objector believes that the Court should find that the proposed Class Settlement is not in the best interest of the Settlement Class and the reasons why the Class Settlement should not be approved, including the legal and factual arguments supporting the objection. If an objector also wishes to appear at the Final Approval and Fairness Hearing, in person or through an attorney, they must also file a notice of intention to appear at the same time as the objection is filed. **OBJECTIONS THAT DO NOT INCLUDE ALL REQUIRED INFORMATION, OR THAT ARE NOT SUBMITTED TIMELY, MAY NOT BE CONSIDERED BY THE COURT.**

If you object to the Settlement, you will remain a member of the Settlement Class, and if the Court approves the Settlement, you will receive payment and be bound by the terms of the Settlement in the same way as Class Members who do not object. Any member of the Settlement Class who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

### D.    Your Right to Appear at the Final Approval and Fairness Hearing Through an Attorney or In Person

If you choose to object to the Settlement, you may also appear at the Final Approval Hearing scheduled for [Insert DATE], at ??? a/p.m. in Courtroom 9, 6th Floor of the United States District Court, Eastern District of California located at Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721. You have the right to appear either in person or through your own attorney at this hearing. Objections not previously filed in writing in a timely manner as described above will not be considered by the Court. Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties on or before [Insert DATE 45 Days After Mailing]. All objections or other correspondence must state the name and number of the case, which is *Mieshia Marie Jackson v. Fastenal Company,* Case No. 1:20-cv-00345-NONE-SAB.

### VII.    UPDATE FOR YOUR CHANGE OF ADDRESS

If you move after receiving this Notice or if it was misaddressed, please complete the Change of Address portion of the Share Form and mail it to the Settlement Administrator, ??? at ???, as soon as possible. **THIS IS IMPORTANT SO THAT FUTURE NOTICES AND/OR THE SETTLEMENT PAYMENT REACH YOU.**

### VIII.    IF THE STIPULATION OF SETTLEMENT AND RELEASE OF CLASS ACTION IS NOT APPROVED

If the Stipulation is not approved by the Court, or if any of its conditions are not satisfied, the conditional settlement will be voided, no money will be paid, and the case will return to litigation. If that happens, there is no assurance: (1) that the Class will be certified; (2) that any decision at trial would be in favor of Class Members; (3) that a trial decision, if any, would be as favorable to the Class Members as this settlement; or (4) that any favorable trial decision would be upheld if an appeal was filed.

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

| IX. | QUESTIONS OR COMMENTS? |
|---|---|

**PLEASE DO NOT CALL OR CONTACT THE COURT.** If you have any questions about the settlement, you may contact the Settlement Administrator at: ???? or by e-mail at _____. You may also contact Class Counsel at the address or phone number listed below.

THE ATTORNEYS REPRESENTING THE CLASS MEMBERS ARE:

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann, Esq.
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

MELMED LAW GROUP P.C.
Jonathan Melmed, Esq.
jm@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

# EXHIBIT 2

DocuSign Envelope ID: A98AF895-B7E6-4288-898A-169DD2D2B759

## CLASS ACTION SETTLEMENT SHARE FORM

*Mieshia Marie Jackson v. Fastenal Company*
*Case Number 1:20-cv-00345-NONE-SAB*
*United States District Court, Eastern District of California*

The proposed class action settlement agreement (the "Settlement") described in the accompanying *Notice of Proposed Class Action Settlement* resolves disputed claims against Defendant Fastenal Company ("Defendant") arising out of its compensation practices during the period from January 21, 2016, through the earlier of: **(1)** July 16, 2021; or **(2)** the date the court grants an order preliminarily approving the Class Settlement (the "Class Period") as applied to all hourly non-exempt individuals who are or were employed by Defendant in California at any point during the Class Period ("Class Members").

You are receiving this form because you are believed to be a Class Member. **According to Defendant's records, you worked ____ workweeks for Defendant during the Class Period. Accordingly, your share of the Settlement is currently estimated to be $_____**, which is an estimate of your allocated portion the Net Settlement Amount, as that term is defined in the accompanying *Notice of Proposed Class Action Settlement*. Your estimated share of the Settlement may increase depending on factors such as, but not limited to, the number of Class Members who effectively exclude themselves from the Settlement.

### *You do not need to do anything to receive money under the Settlement.*

If you believe the information provided above as to the number of your workweeks is incorrect and wish to dispute it, please contact the Settlement Administrator no later than **[Response Deadline]** at:

ILYM Group, Inc.
claims@ilymgroupclassaction.com
(888) 250-6810
14751 Plaza Drive, Suite J
Tustin, California 92780

If you dispute the information stated above, the information Defendant provided to the Settlement Administrator will control unless you are able to provide documentation that establishes otherwise. Any disputes, along with supporting documentation, must be postmarked no later than **[Response Deadline]**.

**Do not send originals; documentation sent to the claims administrator will not be returned or preserved.**