UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIESHIA MARIE JACKSON, an individual, on behalf of herself and others,<br><br>Plaintiff,<br><br>v.<br><br>FASTENAL COMPANY, et al.,<br><br>Defendants. | No.  1:20-cv-00345-JLT-SAB<br><br>ORDER FOR ADDITIONAL BRIEFING |

In this proposed class action, Mieshia Marie Jackson alleges that her former employer, Fastenal Company, violated various California labor laws.  On October 22, 2021, Plaintiff filed a motion for an order granting preliminary approval of the proposed class-action settlement (Doc. 15) and included a signed copy of the proposed settlement agreement (Doc. 15-3, "Settlement Agreement").  The assigned magistrate judge issued findings and recommendations on December 3, 2021, recommending that the motion be granted.  (Doc. 19.)  The Court has reviewed the record and now requests supplemental briefing on several issues.[1]

First, the objection procedure requires class members to file an objection with the court and to send a letter to the administrator and all parties.  There are no instructions for how to file an objection.  These procedures may be onerous and may serve to dissuade potential objectors.

---

[1] Future filings and the proposed notices, attached as Exhibits 1 and 2 to the Settlement Agreement, SHALL reflect the case new number:  1:21-cv-00345-JLT-SAB.

1

*See* David F. Herr, *Ann. Manual Complex Lit*. § 21.633 (4th ed. May 2021 Update) ("The notice of the fairness hearing should tell objectors to file written statements of their objections with the clerk of court by a specified date in advance of the hearing and to give notice if they intend to appear at the fairness hearing.").

Second, the Settlement Agreement provides 45 days to file objections or to opt out. Because the parties provide no indication that time is of the essence, at least sixty days may be more appropriate. *See* 3 William B. Rubenstein *Newberg on Class Actions* § 8:16 (5th ed.) ("Since important due process rights are at stake, and time is rarely of immense importance, . . . there is no compelling reason that class members should not be given at least 60 days' time frame in which to file objections or appear at a fairness hearing.").

Finally, Section 8.3 of the Settlement Agreement states: "The Parties and their counsel agree not to take any action to encourage any Class Member to opt out of and/or object to the Settlement Agreement."  Thus, proposed class counsel are seeking a ruling that they are adequate while simultaneously agreeing not to give their potential clients certain advice.  The Court requests briefing on whether this provision is appropriate. *See Cashon v. Encompass Health Rehabilitation Hosp. of Modesto, LLC*, No. 1:19-cv-00671-JLT-SKO, 2022 WL 95274, at *10 (E.D. Cal. Jan. 10, 2022) (disapproving of similar language in a proposed settlement agreement). Accordingly, **within 28 days**, the parties shall file briefing concerning the issues identified above. Alternatively, the parties may file a stipulation addressing these issues.

IT IS SO ORDERED.

Dated:   **January 19, 2022**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

2