**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Phone: (310) 277-0614
Fax: (310) 277-0635

**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
Kyle D. Smith (SBN 280489)
ks@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828
Fax: (310) 862-6851

*Attorneys for Plaintiff, the Putative Class, the LWDA and the Aggrieved Employees*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIESHIA MARIE JACKSON, an individual on behalf of herself, the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FASTENAL COMPANY, a Minnesota Corporation; and DOES 1 TO 20,<br><br>Defendants. | CASE NO.: 1:20-cv-00345-JLT-SAB<br><br>**DECLARATION OF CRAIG J. ACKERMANN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: October 13, 2022<br>Time: 11:00 a.m.<br>Judge: Hon. Stanley A. Boone<br>Dept.: Courtroom 9<br><br>Action Filed: January 21, 2020<br>Removal Date: March 4, 2020 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Craig J. Ackermann, Esq., declare as follows:

1.    I am an attorney licensed to practice law before this Court and the federal and state courts of California, Washington State, and Texas. I am over 18 years of age. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2.    I am a founding shareholder in the law firm of Ackermann & Tilajef, P.C., co-counsel of record (along with Jonathan Melmed of Melmed Law Group P.C.) for Plaintiff Mieshia Marie Jackson ("Plaintiff" or "Class Representative") and the proposed settlement class (the "Class") in the above-captioned matter. I submit this Declaration in support of Plaintiff's Motions for Final Approval of Class Action Settlement (forthcoming) and Attorneys' Fees and Costs (filed herewith).

3.    I have no knowledge of the existence of any conflicting interests between my firm and any of its attorneys and our co-counsel on the one hand, and Plaintiff or any other Class Member, on the other.

*Introduction*

4.    The Court has preliminarily approved the class action settlement between Plaintiff and Defendant FASTENAL COMPANY ("Defendant" or "Fastenal") (collectively with Plaintiff, the "Parties"). *See* Order preliminarily approving the settlement (the "PA Order") (Doc. 24). The settlement administration process as set forth in the PA Order, the Joint Stipulation re: Class Action Settlement (the "Settlement" or "Settlement Agreement") and the Joint Stipulation Re: Plaintiff's Motion for Order Granting Preliminary Approval of Class Action Settlement (the "Joint Stipulation") have been completed, as will be set forth in the declaration of the Settlement Administrator submitted in the forthcoming Motion for Final Approval of Class Action Settlement. In accordance with reports from the Settlement Administrator, as of the date of this filing, there have been no opt-outs and no objections to the Court-approved Notice of Proposed Class Action Settlement and Hearing Date for Court Approval that was mailed out by the Settlement Administrator to all Class Members on April 11, 2022. The Settlement Administrator will submit a declaration after the response deadline of June 10, 2022 to update the Court on the final administration results. Plaintiff now seeks final approval of the Settlement, including Class Counsel's award of attorneys' fees in the amount of 25% of the Settlement amount (i.e. $600,000) to be shared amongst the above-captioned law firms representing the Class. Plaintiff also

- 1 -

DECLARATION OF CRAIG ACKERMANN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1  seeks reimbursement for their litigation costs in an amount less than what was anticipated in the

2  Settlement Agreement and preliminarily approved by this Court, and equal to the actual costs incurred

3  to date and anticipated to be incurred by Class Counsel through the conclusion of this action.

4    5.    Whereas proceeding with litigation would impose significant risk of no recovery as well

5  as ongoing, substantial additional expenditures of time and resources, the Settlement achieved confers

6  a benefit on the Class. If Settlement were not achieved, continued litigation of the claims would take

7  substantial time and possibly confer no benefit on Class Members. By contrast, the Settlement will yield

8  a prompt, certain, and substantial recovery for Class Members, which also benefits the Parties and the

9  Court. Counsel on both sides share the view that this is a fair and reasonable Settlement in light of

10 Defendant's defenses to Plaintiff's claims and damages calculations, as fully discussed (and to be

11 discussed further) in Plaintiff's extensive briefing in support of both preliminary and final approval of

12 the Settlement.

13   6.    Through my practice, I have gained significant experience regarding the obligations and

14 burdens of representing a class. This knowledge has allowed me and my firm, Ackermann & Tilajef,

15 P.C., to successfully represent plaintiffs in many class actions in the past years. As noted here and in

16 detail in my Preliminary Approval Motion Declaration (Doc. 15-2) ("Ackermann PAM Decl."),

17 numerous state and federal courts in California have found that my firm and my co-counsel are

18 competent and capable of representing classes of employees with similar claims to those alleged here,

19 including the Eastern District of California. Ackermann PAM Decl., ¶¶ 4-12. Our firm has also recently

20 been appointed as class counsel in several other cases alleging claims challenging on-duty rest period

21 policies, including, due to a facially invalid policy:

22   a.   *Westbrook v. Winco Holdings, Inc.*, Riverside County Superior Court, Case No.

23      RIC1710168, final approval granted January 17, 2019 by the Honorable Raquel A.

24      Marquez; and

25   b.   *Liggins, et al. v. ESA Management, LLC*, Orange County Superior Court Case No. 20-

26      2018-01005614-CU-OE-CXX, final approval granted on January 3, 2022 by the

27      Honorable James J. Di Cesare.

28 Given the risks inherent in litigation and the defenses asserted, I believe that this Settlement

DECLARATION OF CRAIG ACKERMANN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1    before the Court for final approval is fair, adequate, reasonable, and is in the best interest of the Class

2    Members. Moreover, continued litigation would be costly, time consuming, and uncertain in outcome.

3    By contrast, the Settlement ensures timely relief and substantial recovery of the wages, penalties, and

4    premiums that Plaintiff contends are owed to the Class.Tthe settlement obtained here represents an

5    average gross recovery per Class Member of $1,204.81, calculated as follows: $2,400,000 Gross

6    Settlement Amount divided by 1,992 Class Members equals $1,204.81 per Class Member. The average

7    net recovery per Class Member will be $872.48, calculated as follows $1,738,000 Net Settlement

8    Amount divided by 1,992 Class Members equals $872.48 per Class Member. Additionally, the

9    maximum gross settlement award will be substantially higher.  The amount obtained per Class member

10   compares favorably to other class action settlements where the primary claim resolved was a challenge

11   to employers' on premises rest break policies, including the following cases:

      a.  *Cahilig, et al. v. Ikea U.S. Retail, LLC*, Case No. 19-cv-01182 (C.D. Cal. October 1, 2020 Order and Judgment Granting Final Approval of Class Action Settlement, Attorneys' Fees, Costs and Class Representative Enhancement) (Hon. Cormac Carney) – $7.5 million class settlement for 6,400 class members where the average gross settlement payment per class member was $1,171 (approximately the same as the amount obtained here);

      b.  *El Pollo Loco Wage and Hour Cases*, Case No. JCCP 4957 (Orange County Superior Court) – $16 million class action settlement for 31,667 Class Members (between the two consolidated classes in the global settlement) where the average gross settlement payment per class member was $505 (approximately half the amount obtained per class member here); and

      c.  *Liggins v. ESA Management, LLC*, Case No. 30-2018-01005614-CU-OE-CXC (Orange County Superior Court) - $4.45 million settlement for 5,473 Class Members where the average gross settlement payment per class member was $813 (approximately 32% less than the results obtained here).

*Attorney Experience and Contributions*

7.   The PA Order states that "Craig J. Ackermann of Ackermann & Tilajef, P.C. and

DECLARATION OF CRAIG ACKERMANN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1  Jonathan Melmed of Melmed Law Group P.C. are appointed as Class Counsel." PA Order ¶ 2.g. As

2  demonstrated by our numerous successes in wage and hour employment law actions, including in this

3  particular area of law, both Ackermann & Tilajef, P.C. and Melmed Law Group P.C. are experienced

4  and skilled law firms with experience representing employees in California wage and hour class actions.

5  In an avoidance of redundancy, I will not repeat all facts supporting my experience, nor recount the

6  factual and procedural history already set forth in my PAM Declaration. However, it is worth reiterating

7  that I have been exclusively practicing employment law for over 24 years and have successfully

8  represented well over 250,000 workers in more than 300 wage and hour class actions since 2004. My

9  firm has particular expertise representing employees challenging on duty rest period policies, including

10  due to a facially invalid policy in that I have been appointed class counsel in such an action, and our

11  firm is currently putative class counsel in several other cases on behalf of employees alleging claims for

12  on-duty rest breaks. *See* Ackermann PAM Decl., ¶ 12.

13      8.      I, along with the attorneys, paralegals, and legal assistants at our law firm, have diligently

14  investigated and prosecuted this case to a successful conclusion. Our work, in conjunction with the work

15  of our co-counsel, resulted in the creation of a significant, non-reversionary settlement amount for the

16  benefit of the Class. We avoided protracted litigation by conducting considerable investigation before

17  filing suit related to the class claims, and efficiently communicated and exchanged information with

18  Defense counsel such that the Parties could successfully settle the case after being fully informed of the

19  merits of each sides' position. As a result of our efforts, including proffering novel arguments on the

20  legality of on-premises rest period policies, we were able to obtain a favorable Settlement for the Class

21  where it was very possible that the Class could have received nothing. Because of the significant risks

22  involved in litigating the case, particularly the contested legal and factual issues, including among other

23  things, the risks of non-certification, the risk that Defendant's rest period policy was not illegal, and the

24  risk that this Court could rule that Defendant's on-premises rest period policy was lawful,  I believe this

25  Settlement is fair, reasonable, and favorable to the Class, particularly in light of the many risks posed.

26  Furthermore, it should not be lost on the Court that Class Counsel has won this very issue regarding on-

27  premises rest period policies in a previous case. See *Roman Diaz v. Medline Industries, Inc.*, San Joaquin

28  Superior Court Case No. STK-CV-UOE-2019-5651 (Order Denying In Part and Granting in Part

- 4 -

DECLARATION OF CRAIG ACKERMANN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1   Defendant's Motion for Judgment on the Pleadings, entered on December 5, 2019). A copy of this

2   decision is attached hereto as **Exhibit A**.

3       9.      I participated primarily in drafting and reviewing the pleadings in this case, including,

4   preparation for the mediation and negotiating the Settlement, attending the mediation, and reviewing the

5   settlement and approval motion papers. Another attorney at our firm, Avi Kreitenberg, who has 11years

6   of legal experience, also worked diligently on this case, as did our legal assistant Jaclyn Blackwell.

7       10.     The following is a more detailed summary of the experience and contributions of the

8   attorneys associated with our firm on this case:

9           a.      Avi Kreitenberg, Esq. has been admitted to practice law in California since 2009,

10  and has significantly participated in, among other things, drafting briefs, pleadings, including the

11  preliminary approval papers and supplements thereto, and drafting and negotiating the Settlement.

12          b.      Our legal assistant, Jaclyn Blackwell, has over 9 years of legal experience,

13  including working on complex litigation matters and class actions. She provided administrative

14  assistance throughout this case.

15      11.     Our co-counsel and our firm sought to efficiently manage, staff, assign, and divide the

16  work between their respective attorneys and to avoid duplication of effort. As summarized in the chart

17  in the section below, to date, my firm has expended no less than **171.56** hours in connection with the

18  prosecution of this action for a total lodestar of no less than **$132,102.39** to date. Our co-counsel has set

19  forth its lodestar information in its respective declaration submitted herewith.

20                          *Attorneys' Fees*

21      12.     Under the terms of the Settlement Agreement, Class Counsel is collectively requesting

22  attorneys' fees in the amount of 25% of the Gross Settlement Amount (i.e., $600,000). As discussed in

23  the PAM and Motion for Attorneys' Fees and Costs, this fee amount is fair, reasonable and less than

24  typical fee awards in settlements we have obtained in similar class action cases approved by district and

25  state courts throughout California, including this district. Class Counsel is seeking the benchmark fee

26  amount in this Circuit of 25% of the non-reversionary common fund generated for the benefit of the

27  Class, which is patently reasonable.

28      13.     Moreover, if it becomes necessary to litigate this matter further, my firm and our co-

DECLARATION OF CRAIG ACKERMANN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

counsel have the financial resources and are prepared to devote whatever time and effort are required to zealously advocate on behalf of Plaintiff and the Class. Significantly, the Retainer Agreement in this case also provides for fees of up to 1/3 of the common fund obtained.

14.    The following table summarizes the time each timekeeper at our firm expended on this case, their respective years of experience, and hourly billing rates, which have been approved by California state and federal Courts in other wage and hour class actions:

| Ackermann & Tilajef, P.C. Lodestar Summary | | | | |
|---|---|---|---|---|
| | Yrs. | Hours | Rate | Amount |
| Craig Ackermann, Esq. | 24 | 80.20 | $919 | $73,703.80 |
| Avi Kreitenberg, Esq. | 11 | 71.16 | $764 | $54,358.59 |
| Jaclyn Blackwell | 9 | 20.20 | $200 | $4,040.00 |
| TOTAL | | 171.56 | | $132,102.39 |

15.    Authenticated copies of the contemporaneous time records maintained by Ackermann & Tilajef, P.C. for the services performed in this case are attached hereto as **Exhibit B**.

16.    Adding in the lodestar of our co-counsel, Melmed Law Group P.C., as set forth in Mr. Melmed's declaration, Class Counsel's total lodestar to date collectively amounts to $184,663.79.

17.    In addition, the table above does not include the additional hours our firm anticipates spending between now and the conclusion of this matter, including drafting and filing Plaintiff's Motion for Final Approval and supporting papers, our time in connection with traveling to, preparing for, and appearing at the final approval hearing, corresponding with the settlement administrator and opposing counsel throughout the settlement administration process, corresponding with our client, writing tax letters to our client, notifying the LWDA of the final approval order, and other typical and reasonably necessary tasks that arise post-final approval. I anticipate Mr. Kreitenberg spending an additional 25 hours on the aforementioned tasks in connection with Plaintiff's final approval motion and another five hours for myself, resulting in an additional $23,695.00 in total lodestar. This puts Class Counsel's total lodestar through final approval at $**208,358.79** which represents a lodestar multiplier of 2.87.

18.    Notably, our 2021 and earlier yearly rates have been approved by numerous Courts. *See e.g. Pagh v. Wyndham Vacation Ownership, Inc.,* Case No. 8:19-cv-00812-JWH-ADS, Order Granting Plaintiffs' Motion for Attorneys' Fees and Costs, dated March 23, 2021, including detailed discussion

DECLARATION OF CRAIG ACKERMANN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1   and approval of our firm's rates for 2021; *Hollis v. Union Pacific Railroad Co.,* Case No. 5:17-cv-
2   02499-JGB-SHK, Order Granting Final Approval and Attorneys' Fees, dated September 19, 2018
3   (Docket No. 28) ("Here, Plaintiff's counsel billed at hourly rates ranging from $200-$800 for attorney
4   timekeepers. … Craig Ackerman billed $800/hour. … The Court reviewed the experience of the
5   respective attorneys and finds the amount billed per hour to be reasonable."); *Moss v. USF Reddaway,*
6   *Inc.,* Case No. 5:15-cv-01541-JAK-FFM, See Docket No. 124 at p. 13 of 15 (Order Granting Final
7   Approval, dated July 25, 2018), the Hon. Judge John Kronstadt (noting that "The attorneys and
8   paralegals who worked on this matter have substantial experience in complex employment litigation …
9   For example, Craig Ackermann has served as lead counsel or co-lead counsel in more than 200 class
10  actions during his 23-year career", and the court approved my hourly rates of $660 to $800 for each
11  respective year of the litigation, including $715 for work in 2018, as "within the range of
12  reasonableness" for the "hourly rates that are charged within this District") (trucker piece-rate class
13  action); *Santamour v. UPS Freight, Inc.,* Case No. 2:17-cv-00196, ECF No. 33 (Order Granting Final
14  Approval, dated June 26, 2018) (the Hon. Chief Judge Thomas Rice of the Eastern District of
15  Washington) ("The Court, based on its independent review as well as its review of the supporting
16  documents submitted by Plaintiffs, finds the rates billed by Plaintiffs' counsel and paralegals are
17  commensurate with the prevailing rates for similar representation in the relevant market", and approved
18  my rate at  $717 per hour) (trucker piece-rate class action).

19          19.     As far back as 2012, the Eastern District approved rates of $650 to $675 for partners and
20  senior associates. *See Franco v. Ruiz Food Products, Inc.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801,
21  *20 (E.D. Cal. Nov. 27, 2012) (citing *Garcia v. Gordon Trucking, Inc.*, No. 1:10-cv-0324 AWI SKO,
22  2012 WL 5364575, *9 (E.D. Cal. Oct. 31, 2012) and *Bond v. Ferguson Enterprises, Inc.*, No. 1:09-cv-
23  01662-OWW-MSJ, 2011 WL 2648879, *11-13 (E.D. June 30, 2011) (approving Ackermann & Tilajef's
24  2011 rates)). In *Franco*, although the court adjusted the rates to maintain consistency with those found
25  reasonable in *Bond*, the court approved attorney rates between $652.50 per hour for a partner to $405
26  per hour for associate attorneys. *Franco*, 2012 WL 5941801 at *21; *see also Schiller,* 2012 WL 2117001
27  at *22 (citing to *Bond* and approving adjusted attorney rates between $264 to $556 per hour depending
28  on experience); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 n. 1 (approving partner rates

DECLARATION OF CRAIG ACKERMANN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1    in the amount of $525 per hour for a partner with more than 10 years of experience and an associate rate

2    of $350 per hour for an associate with four years of experience). The reasonable hourly rates for

3    attorneys in this district have certainly increased since 2012. Attached hereto as **Exhibit C** is a

4    Declaration of Nicholas Wagner further underscoring the reasonableness of Class Counsel's hourly

5    rates.

<em>A&T Costs</em>

7        20.    To date our firm has and expects to incur **$4,003.50** in litigation costs in connection with

8    this case. An itemized list of costs is attached as **Exhibit D** hereto. These include $250.00 in costs we

9    anticipate incurring in connection with the filing and delivery of mandatory chambers copies of the

10   papers in connection with the Motion for Attorneys' Fees, Final Approval Motion papers, the final

11   disbursement declaration, and further printing costs. All of these costs were and are reasonably necessary

12   for the successful prosecution of this action.

13       21.    Pursuant to the costs itemized in the declaration of our co-counsel, the total collective

14   litigation costs amount to **$11,514.40.** Because this amount is less than the amount anticipated by the

15   Settlement Agreement and preliminarily approved by this Court (i.e., $20,000), Class Counsel is only

16   requesting reimbursement of their actual litigation costs incurred and to be incurred.

<em>Plaintiff's Service Award</em>

18       22.    The Settlement contemplates a service/enhancement award to the Plaintiff in an amount

19   of $7,500.00, to recognize the time and effort she expended on behalf of the Class, including time spent

20   in meetings with Class Counsel, in efforts in gathering and providing documents, being available during

21   the full-day mediation, the acceptance of the financial risk in pursuing this litigation, and the fact that

22   she entered into a release that is broader than the Class release. The Class would have received no benefit

23   from this action had it not been for the contributions of Plaintiff. Moreover, Plaintiff faced and accepted

24   the significant risk in bringing this litigation—namely, that had she lost, she could have been ordered to

25   pay Defendant's costs. As noted, in contrast to the more limited class release, Plaintiff also agreed to a

26   more robust general release of her claims. Additionally, the requested award is well in line with incentive

27   awards granted in similar wage and hour class actions in California.

28   ///

- 8 -

DECLARATION OF CRAIG ACKERMANN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1

*Class's Response to Proposed Settlement*

2      23.      The most recent report from the settlement administrator showing no objections to date

3  is attached as **Exhibit E** hereto.

4      I declare under penalty of perjury under the laws of the United States and the State of California

5  that the foregoing is true and correct.

6      Executed on May 31, 2022 in Los Angeles, California.

7

8                                              */s/ Craig J. Ackermann*
                                               Craig J. Ackermann

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CRAIG ACKERMANN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS